### W. E. CAMPBELL v. A. MILLER.

(Filed 18 February, 1914.)

**1. Limitations of Actions—Adverse Possession—Color of Title.**

One who cuts wood upon the lands in dispute at several separate times, without title, is a trespasser upon the lands, and evidence of this character is insufficient to ripen title as adverse possession without "color."

**2. Same—Instructions—Appeal and Error—Harmless Error.**

In an action to recover lands contained in the lappage of disputed division lines between adjoining owners which one of them claims under seven years adverse possession under "color of title," his prayer is properly refused which leaves out the words "color of title," seven years without "color" being insufficient; but had the prayer been correct, its refusal by the court is rendered harmless in this case, by the location of the line by the jury in accordance with the contention of his adverse claimant.

### 3. Deeds and Conveyances—Lines and Boundaries—Estoppel.

For an adjoining owner to be estopped from claiming the true divisional line of his lands, it is necessary for the party setting up the estoppel to show that he purchased the lands from him, and that there was a contemporaneous running and marking of the line; and it is insufficient that he only pointed out the wrong line at the time of purchase from another.

APPEAL by defendant from *Bragaw, J.,* at September Term, 1913, of BEAUFORT.

*Small, McLean & Bryan for plaintiff.*
*M. G. Tooley, W. B. Rodman, Jr., Rodman & Bonner for defendant.*

CLARK, C. J.  The principal controversy is as to the location of the line between the plaintiff and the defendant, known as the Chester-Winfield line, there being no serious dispute about the title.  Plaintiff owns part of the Satterthwaite land, the deed for which calls for the Winfield line, and the defendant owns part of the Winfield land.  Both parties claim under W. J. Bullock, who formerly owned both tracts or parts of them.  In 1892 Dr. Bullock conveyed to Mrs. Addie Wentz, under whom defendant claims, an interest in the tract of land known as the Chester-Winfield land adjoining the Edward Satterthwaite land and others, and in 1902 Bullock conveyed to plaintiff certain parts of the Edward Satterthwaite land, calling for the Chester-Winfield line as its boundary.  On 8 December, 1904, Mrs. Wentz conveyed to defendant, and this suit was begun 3 May, 1911, being less than seven years after defendant purchased.

The court told the jury in effect that the Chester-Winfield line was the only one necessary to be located.  There was no other line common to, or in dispute between, plaintiff and defendant, and by referring to the deed from Davis to Winfield it will be seen that no other call serves to aid, much less to control, the location of that line.

The chief controversy on the part of the defendant, who is appellant, is that even if the line was correctly located, he and

Mrs. Wentz, under whom he claims, have held seven years possession of the lappage or *locus in quo.* He bought in 1904 when the land was in woods. He testified that when he bought the land McGowan had been cutting timber off of it, and it had no timber when he bought it. He said that he had been working it continuously ever since. McGowan testified as a witness that he was Mrs. Lentz's agent and looked after the land for her; that she first took possession in 1901; that in January, 1903, he cut some wood on the land for her and hauled it in 1904 up to the time that defendant Miller bought; that there was no merchantable timber on the land; that he cut some wood off the land in 1903 and hauled it to Belhaven to the hotel, and in 1904 he got some for his personal use. He said on cross-examination: "When I said I had possession of the land for Mrs. Wentz, I meant that I went on it and cut some wood which I hauled off." This cannot be said to be possession, but amounts simply to a trespass, unless Mrs. Wentz had title to the land. *Cox v. Ward,* 107 N. C., 512; *Vanderbilt v. Johnson,* 141 N. C., 370. The court properly refused to charge: "If the defendant and those under whom he claims have had possession of the land in dispute for a period of seven years under known and visible boundaries, and said possession was continuous, and the land was used in such manner as it was then capable of," to answer the first issue, as to the location of the line, as claimed by the defendant, for the prayer omits the words "under color of title." Besides, the defendant had no color for the *locus in quo* if the Chester Winfield line is located where plaintiff claims and the jury found it. Seven years possession without color is not sufficient.

The defendant contends that the plaintiff pointed out the line at the time the defendant purchased, and, therefore, the plaintiff having misled the defendant, was estopped to set up the true boundary. The issue as to this was found by the jury in favor of the plaintiff, and the charge of the court was as favorable to the defendant as he could ask, for he did not purchase from or claim under the plaintiff, and there was no contemporaneous running and marking. *Caraway v. Chancy,* 51 N. C., 361. The

court seems to have followed, in the charge, the ruling in *Boddie v. Bond,* 154 N. C., 359, and the jury found that there was no misrepresentation on the part of the plaintiff.

The other exceptions do not require discussion.

No error.