ERNIE B. THOMPSON v. B. L. UMBERGER, JR., D. A. FINGER AND WIFE, ANNIE B. FINGER, KANNAPOLIS PUBLISHING COMPANY, A CORPORATION, E. J. SHARPE, LOVE NUSSMAN AND WIFE, GENEVA NUSSMAN, D. L. SIMMERSON AND G. H. HENDRIX, TRUSTEE.

(Filed 8 April, 1942.)

1. **Easements § 1—**

An alleyway is an easement constituting an interest in land, and in order to create such easement by deed or reservation contained in a deed, the description thereof must be sufficiently certain to permit the identification and location of the easement with reasonable certainty.

2. **Boundaries § 3—**

A latent ambiguity in a description may be aided by parol evidence to fit the description to the property, but a patent ambiguity may not be aided by parol.

3. **Same—**

A patent ambiguity is such an uncertainty appearing on the face of the instrument that the court, reading the language in the light of all the facts and circumstances referred to in the instrument, is unable to ascertain the property referred to, and such ambiguity renders the description void for indefiniteness, since the courts cannot add or insert new language to give it effect.

**4. Easements § 1—Description of easements in reservation contained in deed held patently ambiguous and void.**

The description in a deed to a certain lot contained a reservation that the land was "sold subject to an agreement by the parties of the first part to the party of the second part that there is to be reserved a 10-foot alleyway from the front of a certain tract of land containing 240 feet, which tract of land is shown on the map. The said alleyway is to run to the back of said property and the owners are to have an alleyway running across the entire properties at the back." *Held:* The description of the easements is patently ambiguous and is ineffective either to impose a burden upon the land conveyed or to create an easement upon the lands reserved by the grantors.

APPEAL by plaintiff from *Blackstock, Special Judge,* at December Term, 1941, of CABARRUS. Affirmed.

Civil action to locate and establish two alleyways over and across lands of defendants.

Lucy A. Brown, *et al.,* owned a certain tract of land in south Kannapolis, Cabarrus County, being a part of Bergerberg, known as Midway. On 11 February, 1936, they conveyed a part thereof fronting 20.4 feet on the highway to A. Ray Kennerly. The lot conveyed consisted of parts of Lots Nos. 3 and 4 as shown on the map of the subdivision. Kennerly conveyed said lots to plaintiff, who now owns the same.

The deed to Kennerly contains the following:

"The above tract of land is sold subject to an agreement by the parties of the first part to the party of the second part that there is to be reserved a 10-foot alleyway from the front of a certain tract of land containing 240 feet, which tract of land is shown on the map. The said alleyway is to run to the back of said property and the owners are to have an alleyway running across the entire properties at the back."

The defendants severally have acquired title to and now own the remaining lots in said subdivision known as Midway.

The plaintiff, alleging that the original grantors did not establish and lay out or locate the alleyways referred to in the Kennerly deed, institutes this action for a decree of the court locating, establishing and laying out by metes and bounds said ways across the lands of defendants. In so doing he pleads the provision in the Kennerly deed as the basis of his action.

The defendants demurred for that the complaint does not state facts sufficient to constitute a cause of action in that no easement or right of way is granted through, over or across the lands of the defendants.

When the cause came on to be heard in the court below the demurrer was sustained and plaintiff appealed.

*E. Johnston Irvin for plaintiff, appellant.*
*Hartsell & Hartsell for defendants, appellees.*

BARNHILL, J. Is an alleyway reserved in the deed from Brown to Kennerly with sufficient definiteness to invoke the aid of a court of equity in locating and establishing the same? The answer is determinative.

An alleyway is in the nature of an easement. It constitutes an interest in land. It may be created by either of nine different methods. Mordecai Law Lectures, Vol. 1, pp. 464-471. One of these is by deed or reservation contained in a deed—the method here adopted.

The existence of the reservation depends upon the construction of the language in the deed. Plaintiff's case must be made out upon the terms of that instrument, and that which is uncertain cannot be made certain or its terms added to or altered by evidence *aliunde.*

When the easement—here a passageway—is created by deed, either by express grant or by reservation, the description thereof must not be so uncertain, vague and indefinite as to prevent identification with reasonable certainty. *Gruber v. Eubanks,* 197 N. C., 280, 148 S. E., 246, and cases cited.

If the description is so vague and indefinite that effect cannot be given the instrument without writing new, material language into it, then it is void and ineffectual either as a grant or as a reservation. Anno. 68 A. L. R., 15 (citing numerous N. C. cases).

The description must either be certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers. *Hodges v. Stewart,* 218 N. C., 290, 10 S. E. (2d), 723, and cases cited.

If an ambiguity in the description be latent and not patent, it will not be held to be void for uncertainty but parol evidence will be admitted to fit the description to the thing intended. *Speed v. Perry,* 167 N. C., 122, 83 S. E., 176. The purpose of parol evidence, however, is to fit the description to the property—not to create a description. There must be language in the deed sufficient to serve as a pointer or a guide to the ascertainment of the location of the land. The expression of the intention of the parties to the deed must appear thereon. Parol evidence is resorted to merely to bring to light this intention—but never to create it. Anno. 68 A. L. R., 15.

If the ambiguity in the description in a deed is patent the attempted conveyance or reservation, as the case may be, is void for uncertainty. And a patent ambiguity is such an uncertainty appearing on the face of the instrument that the court, reading the language in the light of all the facts and circumstances referred to in the instrument, is unable to derive therefrom the intention of the parties as to what land was to be conveyed. This type of ambiguity cannot be removed by parol evidence since that would necessitate inserting new language into the instrument which under the parol evidence rule is not permitted. Anno. 68 A. L. R., 12.

Applying these generally accepted principles it clearly appears that the ambiguity in the attempted reservation in the deed from Brown to Kennerly is patent. Upon reading the description it at once becomes apparent that something more must be added before the reader can determine what is meant by it.

Provision is attempted to be made for two easements: (1) A 10-foot alleyway "from the front" of a tract of land "containing 240 feet" and extending to the back of said property; and (2) "an alleyway running across the entire property at the back."

These alleys are to be reserved. When and by whom? As to the first, is a right conveyed or is a burden imposed? Is it to be imposed upon the land conveyed for the benefit of the remainder or is it to be located on the remainder for the use of the owner of the land conveyed? If upon the remainder is it to be to the north or to the south, in the middle or at the edge? *Dickens v. Barnes,* 79 N. C., 490. Is the tract of land "containing 240 feet" a tract made up of 240 square feet or is it 240 feet long or is it 240 feet deep? Which of the several defendants is to suffer its imposition on his lot?

As to the second, was its attempted reservation for the benefit of the grantors or the grantee? Apparently, "owners" refers to the grantors and they were attempting to reserve the right to cross the rear of plaintiff's lot. In this event plaintiff is not the party aggrieved. Even so, how wide was it to be? Was it to be on the extreme edge or merely near the back line?

As to neither alley is there anything in the language of the attempted reservation to which we may recur for an answer to any one of these questions. Nothing is definite, nothing is fixed. The court is requested, without directing aid from the description, to carve one 10-foot way out of a much larger tract and to fix the width and location of the other "at the back" of the whole.

We are not inadvertent to the contentions of the defendants that the language "is to be reserved" refers to a future act and in no event is sufficient to constitute a reservation presently made. Nor do we overlook the probable effect of our registration laws upon the rights of defendants. These questions require no discussion for the reason that we are of the opinion that the language used is inoperative. It is so vague and uncertain as to be insufficient either to impose a burden upon or to attach an easement to the land conveyed. *Smith v. Proctor,* 139 N. C., 314. It gives no beginning point and furnishes no means by which the location of the proposed way may be ascertained. *Hodges v. Stewart, supra.*

We concur in the conclusion of the court below that the complaint fails to state facts sufficient to constitute a cause of action.

Affirmed.