LABON FRANKLIN ADAMS AND WIFE, MARY ANN ADAMS v. ODELL
SEVERT AND WIFE, ANNIE MAE SEVERT; HOWARD WYATT, JR. AND
WIFE, MAE WYATT

No. 7823DC137

(Filed 6 March 1979)

1. Easements § 4.1— attempted creation of easement by deed—insufficiency of description

Language in a deed which attempted to reserve a right-of-way across the land conveyed by claiming "a right of way in perpetuity for a roadway to connect with the County road across the above lands, for the use and benefit of the remaining lands of the grantors" was too ambiguous and uncertain to permit identification and location of the easement and thus was insufficient to create a roadway across the property in question.

2. Easements § 6.1— possession for 18 years—no easement by prescription

Trial court properly granted defendants' motion for summary judgment on plaintiffs' claim of title to a roadway by prescription, since plaintiffs' evidence showed possession for only 18 rather than the required 20 years.

3. Adverse Possession § 25.2— possession under color of title—insufficiency of evidence

Where plaintiffs' reservation of an easement by deed was ineffective because the description was insufficient to identify and locate it, plaintiffs' claim of adverse possession under color of title was also ineffective.

APPEAL by plaintiffs from *Osborne, Judge.* Judgment entered 30 November 1977 in District Court, WILKES County. Heard in the Court of Appeals 15 November 1978 in Winston-Salem.

Plaintiffs instituted this action against defendants, the Wyatts and the Severts, alleging that they had used a 14 foot wide road connecting their land to the county road until the Wyatts began blocking it and that they are entitled to an easement by virtue of reservations in deeds and by prescription. The Wyatts answered and asserted that the attempted reservation of a right-of-way in the R. G. Adams deed was ineffective, since it was ambiguous and was not included in the granting, habendum, or warranty clauses of the deeds. As a further defense, the Wyatts asserted that Elledge constructed a paved road leading into the center of his five and one-half acre parcel of land before he subdivided it, that plaintiffs had access over this paved road without going across the Wyatts' lot, and that this access satisfied the reserved right-of-way in the deeds.

The Wyatts counterlcaimed against plaintiffs for harassment. The Wyatts moved for summary judgment and submitted an affidavit from E. C. Elledge in which he asserted that before subdividing his five and one-half acre parcel, he laid off a 60 foot wide road leading from the county road into his parcel and "[t]hat there is on the ground, as well as on paper, 14 foot right of way from the lands of Plaintiffs to the 60 foot right of way." Elledge further asserted that when he purchased his five and one-half acre parcel from John Adams in 1967, "there was not on the ground any means of ingress and egress from the public road to the lands of the now Plaintiff." In response, plaintiffs submitted two affidavits, which tend to show that shortly after the September 1959 deeds from R. G. Adams to John Adams and Odell Severt, a 14 foot wide road was "graded off" along the boundary between the John Adams and Odell Severt lands, that this road was used openly, continuously, and adversely as a private road by R. G. Adams and later by plaintiffs, and that this road still exists on the grounds as a graded road with ditches. The affidavits showed that during a prior civil action, the Wyatts offered to give plaintiffs a seven foot wide strip along the edge of their lot if the Severts would do the same; however, this proposal was never carried out, and plaintiffs subsequently dismissed that previous civil action.

The District Court allowed summary judgment for defendants Wyatt and dismissed plaintiffs' action against the Wyatts. Plaintiffs appealed.

*Franklin Smith, for plaintiff appellants.*

*George G. Cunningham, for defendant appellees Howard Wyatt, Jr. and wife, Mae Wyatt.*

ERWIN, Judge.

The only question presented for our determination on this record is: "Whether the trial court committed error in granting the defendants Wyatt's motion for summary judgment upon the evidence presented by the defendants Wyatt?"

R. G. Adams and wife conveyed two adjoining parcels of land, one to John Adams and wife and the other to Odell Severt and wife. These two parcels apparently blocked off the remaining

lands of R. G. Adams from a local road, and each of these deeds reserved a right-of-way across the land conveyed which was stated on the deeds as follows: "[A] right of way in perpetuity for a roadway to connect with the County road across the above lands, for the use and benefit of the remaining lands of the grantors." The trial court concluded "that the Plaintiff's [sic] own pleadings and affidavits failed to show that an easement by prescription could have been acquired."

A roadway is an easement constituting an interest in land, and in order to create such easement by deed or reservation con- ʹ ʹined in a deed, the description thereof must be sufficiently cer- ιin to permit the identification and location of the easement with reasonable certainty. *Thompson v. Umberger*, 221 N.C. 178, 19 S.E. 2d 484 (1942), and *Gruber v. Eubank*, 197 N.C. 280, 148 S.E. 246 (1929).

[1] We hold that the language used in the deeds in question is too ambiguous and uncertain to create a roadway across the property in question. The identity of such interest in the land would of necessity rest in conjecture and speculation, which the law does not allow.

Plaintiffs rely on *Hensley v. Ramsey*, 283 N.C. 714, 199 S.E. 2d 1 (1973), and *Borders v. Yarbrough*, 237 N.C. 540, 75 S.E. 2d 541 (1953), for upholding the description in their deeds. These cases are distinguishable. In *Hensley, Id.* at 719, 199 S.E. 2d at 4, the deed explicitly stated, "including a right-of-way to a road across said Duncan's lot along said Lankford's Line." Thus, an extrinsic object was specifically referred to in the deed.

In *Borders v. Yarbrough, supra,* a common sewerage line ran to the disposal in the street, and this condition existed before the parties acquired their respective lots. Our Supreme Court held that under these circumstances, the way was sufficiently located. Here the location of the easement is not so certain. The deed gives no beginning point and furnishes no means by which the location of the proposed way may be ascertained. *See Thompson v. Umberger*, 221 N.C. 178, 19 S.E. 2d 484 (1942). The ambiguity is a patent one. Hence, the attempted conveyance or reservation is void for uncertainty. *Thompson v. Umberger, supra.*

[2] Plaintiffs also allege that the trial court erred in allowing summary judgment as to their claim of title by prescription. We

do not agree. A party asserting an easement by prescription has the burden of proving all the elements essential to its acquisition including that his use of the easement was continuous and uninterrupted for twenty years. *Nicholas v. Furniture Co.*, 248 N.C. 462, 103 S.E. 2d 837 (1958), and *Hemphill v. Board of Aldermen*, 212 N.C. 185, 193 S.E. 153 (1937). Plaintiffs' evidence, viewed in the light most favorable to them, shows possession for only eighteen years.

[3] Finally, plaintiffs raise a question of adverse possession under color of title. *See* G.S. 1-38. This claim is also without merit. Color of title is that which gives the semblance or appearance of title, but is not title in fact — that which on its face, professes to pass title, but fails to do so because of a want of title in the person from whom it comes or the employment of an ineffective means of conveyance. *Hensley v. Ramsey*, 283 N.C. 714, 199 S.E. 2d 1 (1973). Plaintiffs' attempted reservation of an easement did not constitute "color of title." Plaintiffs' reservation of an easement by deed was ineffective, because the description was insufficient to identify and locate it. *Thompson v. Umberger, supra.* In *Katz v. Daughtrey*, 198 N.C. 393, 394, 151 S.E. 879, 880 (1930), Chief Justice Stacy stated:

> "If the land intended to be conveyed cannot be identified from the description contained in the deed, it follows as a necessary corollary, that as the deed is, for this reason, inoperative, it is equally inoperative as color of title. If the land cannot be identified for one purpose, how can it be for another? *Campbell v. Miller*, 165 N.C., 51, 80 S.E., 974; *Barker v. R. R.*, 125 N.C., 596, 34 S.E., 701; *Dickens v. Barnes*, 79 N.C., 490; *Hinchey v. Nichols*, 72 N.C., 66; *Capps v. Holt*, 58 N.C., 153.
>
> A deed which conveys no title, because the land intended to be conveyed thereby is incapable of identification from the description contained therein, would necessarily be inoperative as color of title. *Fincannon v. Sudderth*, 144 N.C., 587, 57 S.E., 337."

We conclude from the record before us that there is no genuine issue as to any material fact and that defendants are entitled to a judgment as a matter of law. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

The summary judgment was properly allowed for defendants.

Affirmed.

Judges PARKER and MARTIN (Robert M.) concur.