CATHERINE S. WILLIAMS v. A. CHESTER SKINNER, III, TRUSTEE, W. PAUL HOLT, TRUSTEE AND STRAIGHT EIGHT COMPANY

No. 8830SC758

(Filed 16 May 1989)

1. **Easements § 4.2— road right of way—latently ambiguous description—construction of easement**

   Where a deed conveying thirty acres from a common source to defendant's predecessors in title expressly granted "a right-of-way twenty (20) feet wide along the east line of Lot No. 10 for a road and a right-of-way over the logging road," the description of the easement was only latently ambiguous, and the trial court, with the aid of parol evidence, properly found that the grantors intended to grant a right of way from the 30-acre tract to the only public road for the benefit of that tract and properly construed the language to mean that the easement runs down the eastern line of lot 10 to that lot's southeast corner and then along the southern line of lot 10 until it reaches the public road near where a logging road to the south of lot 10 forks into the public road.

2. **Easements § 4.1— road right of way—patently ambiguous description**

   A conveyance of a 20-foot road right of way entering a lot at or near its northwest corner and running "such course as is most practical" contained a patently ambiguous description and was unenforceable.

3. **Easements § 8.4— dispute over easement—no right to damages for interference**

   Defendant does not have a claim against plaintiff for damages for interference with his use of a road right of way easement where plaintiff never physically interfered with defendant's use of the easement and plaintiff's lawsuit claiming that defendant had no easement was not frivolous.

APPEAL by plaintiff from *Downs, James U., Judge*. Amended judgment entered 19 February 1988 in Superior Court, MACON County. Heard in the Court of Appeals 16 February 1989.

This is a civil action in which plaintiff landowner appeals from a judgment granting adjacent landowner, defendant A. Chester Skinner, III, as trustee, a 20 foot wide easement across the eastern and southern boundary lines of plaintiff's parcel of land.

*Herbert L. Hyde for plaintiff-appellant.*

*McKeever, Edwards, Davis & Hays, P.A., by Fred H. Moody, Jr., for defendant-appellee A. Chester Skinner, III.*

JOHNSON, Judge.

Plaintiff and defendant own adjacent parcels of land located partly in Macon County and partly in Jackson County, North Carolina. Plaintiff's land, a more or less rectangular parcel known as lot number 10 of the S. P. Ravenel Subdivision, fronts on its western boundary on Whiteside Mountain Road, a public road. Defendant's property, known as the 30-acre tract, lies to the east of lot number 10. The common boundary line of the two parcels is the east line of lot number 10 and a portion of the west line of the 30-acre tract. The 30-acre tract has no direct access to any public road, the nearest road being Whiteside Mountain Road, just west of lot number 10. To aid in understanding the locations of the specific parcels, roads, and disputed easements involved, plaintiff's exhibit 27, a composite map drawn by Charles W. McDowell, appears on the following page.

**WILLIAMS v. SKINNER**

[93 N.C. App. 665 (1989)]

Lot number 10 and the 30-acre parcel have common sources, both having been owned previously by A. L. Guentner and later by J. L. Strickland and wife, Georgia Mae Strickland. The 30-acre parcel was deeded out first from the common source, Strickland and wife, in a deed to James T. Walker and wife, dated 15 August 1959. This deed conveyed, in addition to the 30 acres, "a right-of-way twenty (20) feet wide along the east line of Lot No. 10 for a road and right-of-way over the logging road . . ." This expressly granted easement also appeared in the three mesne conveyances occurring prior to the 5 July 1985 transfer of the 30-acre tract to the Straight Eight Company, a partnership, of which defendant Skinner is the trustee.

On 31 July 1967, Georgia Mae Strickland conveyed to defendant's predecessors in title, Carrington Barrs and wife, another easement over the northwest corner of lot number 10 referred to as the Champion Paper Company easement. This easement, which will be described in conjunction with lot number 10's chain of title, is also contained in the subsequent conveyances of the 30-acre tract.

Turning now to plaintiff's chain of title, lot number 10 was deeded out by the common source, Strickland and wife, on 9 October 1959. The deed expressly reserved the above-quoted easement for a road along the east line of lot number 10 and over the logging road. Another exception in the deed reserved "a right of way for a road as set forth in the deed dated December 29, 1943, to Champion Paper and Fibre Company and recorded in the records of Macon County Office of Register of Deeds in Book J-5, page 388." This reservation, referred to above as the Champion Paper Company easement, was described in a 1943 deed of approximately 1,436 acres (located southeast and west of the parties' properties) to Champion as "a road right of way at least 20 feet wide over and across lot No. 10 . . ., said road to enter said lot [No. 10] at or near its northwest corner and run such course as is most practical."

Both the easement reservation along the east line of lot number 10 and the logging road, and the Champion Paper Company easement appear in the next two deeds in plaintiff's chain of title. However, only the Champion Paper Company easement is excepted in the next two deeds in the chain of title. The second of these deeds grants lot number 10 to plaintiff. On 25 June 1985, approximately one month before the commencement of this action, plaintiff filed a deed of correction in which she and her grantor stipulated that "an additional right of way was erroneously and improperly included" in their prior deed. The new deed reserved only "a 20 foot wide right of way along the east line of the said lot 10 to the extent that the same is valid and in effect."

In 1967, Carrington Barrs, then owner of the 30-acre tract, constructed a road from Whiteside Mountain Road to the 30-acre tract along the south line of lot number 10. Lot number 10 was at that time owned by Dunlap and wife. Mr. Barrs used this road for access to his 30-acre tract.

In July of 1985, plaintiff, who acquired lot number 10 in 1982, notified defendant Skinner that she objected to his using the road-

way over lot number 10 to the 30-acre tract, and would consider his use of it in the future to be actionable trespass. Defendant Skinner ceased using the road until June of 1987.

On 30 July 1985, plaintiff instituted this action against defendants seeking, *inter alia*, a permanent injunction prohibiting defendants from entering her property to reach their 30-acre tract. She also asks that defendants' express easement along her east line and the logging road be removed as a cloud from her title.

After a bench trial of this matter, the court entered an amended order on 19 February 1988. Among the findings of fact made were the following:

15. The 30-acre tract of the Defendant, Skinner, was the first tract conveyed out by the common source, Strickland.

16. That a road along the east line of Lot #10 will not provide access to the 30-acre tract to a public road.

17. That at the time of the severance of the 30-acre tract from Lot #10 by Strickland, Strickland owned no other land or interests in land except for Lot #10 over which access to the 30-acre tract could be gained to a public way, and the said 30-acre tract does not have access or a right of access over any other land to the public way.

18. That based upon the evidence presented, Champion Paper and Fiber Company never constructed any road across Lot #10 in accordance with the easement recorded in book J-5 at page 388.

19. That the predecessor in title to the Defendant Skinner, Carrington Barrs, constructed and used a road over and across the southern line of Lot #10 which connects the 30-acre tract to the public road.

20. That the Champion Paper and Fiber Company right of way recorded in book J-5 at page 388 and excepted from several deeds in the Plaintiff's chain of title, especially when considered along side the restrictive covenants hereinabove referred to, is sufficiently definite as to be locatable.

21. That there exists a logging road near the south line of Lot #10, but not on Lot #10.

22. That the right of way contained in the conveyance from Strickland and wife to Walker and wife, book 70, page 592, Jackson County Registry, which included a conveyance for the common use of a 20 foot wide road right of way extending along the east line of Lot #10 and a right over the logging road, evidenced an intent of the parties to that deed to convey to the 30-acre tract belonging to the Defendant Skinner a 20 foot wide road right of way along the east line of Lot #10 and over and across the south line of Lot #10 exiting at or near the southwest corner of said lot at its intersection with the public road.

23. That because of the various exceptions contained in the Plaintiff's chain of title of which she had record notice, she is estopped from denying the existence of an easement for a road 20 feet in width over and across the southernmost portion of Lot #10 for the benefit of the 30-acre tract.

The court then concluded the following as a matter of law:

2. That the conveyance from Strickland to Walker by deed dated May 18, 1961 and recorded in book 270 at page 592, Jackson County Registry, conveyed a right of way and easement for a road twenty (20) feet in width extending along the east line of Lot #10 and a right of way over the logging road which this Court concludes was an extension of said twenty (20) foot wide road right of way along the south line of Lot #10 and exiting Lot #10 at or near the southwest corner thereof where it intersects with the public road, and, therefore, the Defendant, Skinner, is entitled to a road right of way and easement at least twenty (20) feet in width along the east line of Lot #10 and along the south line of said lot to the public road, by express grant and express reservation.

3. That should it be determined that the Defendant Skinner is not entitled [to] the easement described hereinabove by express grant and reservation, this Court concludes that the said Defendant Skinner is entitled to an easement by implication for the benefit of his 30-acre tract over and across the south line of Lot #10, said easement by implication having been established heretofore as an easement for a road twenty (20) feet in width lying twenty (20) feet to the north of the south line of Lot #10 and leading from the 30-acre tract to

the public road, all as the same is presently located upon said Lot #10.

Based on these findings of fact and conclusions of law, the trial court held defendant Skinner to be the owner of an express easement appurtenant to the 30-acre tract along the east line of lot number 10 extending along the south line thereof to the public road. In the alternative, the court decreed defendant Skinner to be the owner of an easement by implication for the benefit of the 30-acre tract along the south line of lot number 10 leading to the public road. The court enjoined plaintiff from interfering with defendant's use of the road right granted. Plaintiff gave notice of appeal from the judgment in apt time.

[1]  By his first Assignment of Error, plaintiff contends that the trial court erred in holding that the easement expressly granted in the deed from Strickland and wife to Walker and wife of a road right of way along the east line of lot number 10 and over a logging road evidenced an intent by the parties to convey for the benefit of the 30-acre tract a road right of way along the east line of lot number 10 and over and across the south line thereof, exiting at its southwest corner at the public road.

An express easement in a deed, as in the instant case, is, of course, a contract. *Weyerhaeuser Co. v. Light Co.*, 257 N.C. 717, 127 S.E. 2d 539 (1962). In construing it, our purpose is to determine the intention of the parties at the time the contract was made. *Id.* The description of an expressly granted or reserved easement "must either be certain in itself or capable of being re- duced to a certainty by a recurrence to something extrinsic to which it refers." *Thompson v. Umberger*, 221 N.C. 178, 180, 19 S.E. 2d 484, 485 (1942) (citations omitted). If a latent, rather than a patent, ambiguity in the description exists, parol evidence is admissible to "fit the description to the thing intended." *Id.* "There must be language in the deed sufficient to serve as a pointer or a guide to the ascertainment of the location of the land." *Id.*

Lastly, we recognize that in a non-jury trial in which the trial judge is the finder of facts, as here, those findings are conclusive on appeal if supported by competent evidence, even though there may be evidence which would support a contrary conclusion. *Woodlief v. Johnson*, 75 N.C. App. 49, 330 S.E. 2d 265 (1985).

Turning now to the easement before us, it is clear that the grantor intended to grant a right of way from the 30-acre tract to

the only nearby public road for the benefit of that tract. Construing the description in the easement in light of the rules set forth above, we conclude that it is sufficient to give effect to the parties' intention. The ambiguity in the description is latent and may be resolved by resort to parol evidence, namely plats properly before this Court.

The first language, "along the [e]ast line of Lot No. 10" is straightforward enough. The difficulty comes in interpreting the phrase "over the logging road" since the logging road is not actually on lot number 10. The logging road, however, winds along to the south of lot number 10 and the 30-acre tract on land owned by a stranger in title to the parties' properties. From our study of the plats properly introduced at the trial of this matter, one of which is reproduced above, we note that the logging road, although not on lot number 10, approaches extremely close to the southwest corner of lot number 10 near the public road. Although the language "over the logging road" is somewhat imprecise, we believe it is a sufficient guide to indicate that after running down the east line of lot number 10, the easement would meet the public road near the lot's southwest corner, which is where the logging road appears to fork into the public road. We therefore find that it is rational to construe the easement's language to mean that after the easement runs down the east line of lot number 10 to that lot's southeast corner, the easement would necessarily travel along the south line of lot number 10 in order to reach the public road near where the logging road forks into the public road.

In finding the description adequate, we also note that the use of the road along the south line of lot number 10 by defendant's predecessor in title, and acquiesced in by plaintiff's predecessor in title, sufficiently located the right of way on the ground. This user will be deemed to be the location which was intended by the original parties to the easement. *Allen v. Duvall*, 311 N.C. 245, 316 S.E. 2d 267 (1984).

By her second and fourth Assignments of Error, plaintiff raises further arguments concerning the express easement discussed above. We find these arguments to be totally without merit and therefore we do not address them.

By her third Assignment, plaintiff contends that the trial court erred in holding, in the alternative, that defendant is entitled to an easement over the south line of lot number 10 by implication.

**WILLIAMS v. SKINNER**

[93 N.C. App. 665 (1989)]

In light of our holding that defendant has a valid express easement over lot number 10, we deem it unnecessary to address this question.

[2] On cross-appeal, defendant raises two Assignments of Error which we now address. First, he urges that the trial court erred in failing to grant him an easement over the northwest corner of lot number 10, referred to above as the Champion Paper Company easement. This easement is described as "said road to enter lot [number 10] at or near its northwest corner and run such course as is most practical." The trial court found as fact that this easement has never been constructed on lot number 10. It also concluded that the Champion Paper Company easement was eliminated by deed in 1953.

Setting aside defendant's contention that the easement was revived in 1959 and therefore not extinguished, we conclude that the easement is unenforceable because of the patently ambiguous description it contains. *Thompson, supra.* The language that the easement should "run such course as is most practical" is too vague and uncertain to be aided by parol evidence. *Id.* The trial court erred in finding as fact that the easement is "sufficiently definite as to be locatable." This assignment of error is overruled.

[3] By his final argument, defendant contends that the court erred in failing to award him money damages. We disagree. It is a correct proposition that the holder of an easement may seek monetary damages for wrongful interference with his use of the easement. Hetrick, Webster's Real Estate Law in North Carolina, 3d ed. sec. 330. The record discloses no physical obstruction by plaintiff of the road along the south line of her parcel. Defendant argues, however, that he was injured by plaintiff's claim that he had no easement and her resulting legal action.

We find that defendant does not have a claim against plaintiff for damages since she never actually interfered with his use of the easement. Further, her lawsuit was not frivolous and she was entitled to have the rights of both parties determined in a court of law.

For all the foregoing reasons, we hold that both parties received a fair trial free from prejudicial error.

Affirmed.

Judges ARNOLD and PHILLIPS concur.