JOHN L. MAY AND WIFE, VIRGINIA L. MAY, PLAINTIFFS v. FRED H. MARTIN AND WIFE, SALLY B. MARTIN AND MITCHELL T. KING, DEFENDANTS

No. 8928SC1162

(Filed 19 June 1990)

**Easements § 7 (NCI3d) — action to establish easement — no patent ambiguity — complaint improperly dismissed**

       Plaintiffs' complaint alleging an easement across defendants' land based on a conveyance of "an easement granting a

30-foot right of way over the lands in the rear of lot 20 to Spring Park Road if and when said road is opened" stated a claim for relief since the description was not necessarily patently ambiguous because the ambiguities may be resolved by resorting to the plat referred to in the deeds of both parties or by other admissible evidence.

**Am Jur 2d, Easements and Licenses §§ 21, 23.**

APPEAL by plaintiffs from order entered 28 September 1989 by *Judge Janet Marlene Hyatt* in BUNCOMBE County Superior Court. Heard in the Court of Appeals 3 May 1990.

*Shuford, Best, Rowe, Brondyke & Wolcott, by James Gary Rowe and Patricia L. Arcuri, for plaintiff appellants.*

*Riddle, Kelly & Cagle, P.A., by E. Glenn Kelly, for defendant appellees.*

PHILLIPS, Judge.

Plaintiffs' complaint seeking a declaratory judgment that they are entitled to an easement across the lands of the defendants was dismissed pursuant to the provisions of Rule 12(b)(6), N.C. Rules of Civil Procedure, for failing to state a claim for which relief can be granted. In substance, the complaint alleges the following: Plaintiffs and defendants own adjoining tracts of land in Buncombe County. Plaintiffs' title deed received in June, 1973 includes a conveyance by Paul A. Hoch and wife, Elizabeth May Hoch, to them of—

an easement granting a 30-foot right of way over the lands in the rear of lot 20 to Spring Park Road if and when said road is opened and improved, as set forth in a deed recorded in Book 725 at Page 357 in the Buncombe County Registry, but nothing herein shall obligate the Grantor to open and improve said Spring Park Road.

The road known as "Spring Park Road" is shown on the plat of Section No. 1, Revision of Kenilworth Forest, recorded in Plat Book 24, at page 9, of Buncombe County Registry in August, 1948, and the deed of the Hochs, plaintiffs' predecessors-in-title, specifically refers to this plat. The road has been opened and improved from its eastern terminus at its intersection with White Pine Road to its western terminus at or near the southwest corner of Lot 20

shown in Plat Book 24, at page 9, Buncombe County Registry. Upon receiving notice of plaintiffs' intention to open the right of way across their lands, defendants notified plaintiffs that they do not recognize the validity of this right of way. In their answer defendants denied that plaintiffs are entitled to an easement; alleged that the description was too vague to be enforceable; claimed title to the land over which the easement would run by adverse possession; asked that the claim be removed as a cloud on their title; and moved that the action be dismissed.

The issue in this appeal is not whether plaintiffs may ultimately obtain the legal relief they seek, but whether it is manifest from the complaint that no relief can be granted under any evidence that may be presented in support of the allegations made. *Johnson v. Bollinger*, 86 N.C. App. 1, 356 S.E.2d 378 (1987). A complaint for declaratory relief is dismissible only when "there is no basis for declaratory relief as when the complaint does not allege an actual, genuine existing controversy." *N. C. Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 439, 206 S.E.2d 178, 182 (1974). In this case a genuine controversy is alleged; plaintiffs allege that they are entitled to the 30-foot right of way over the lands of the defendants and defendants deny any such right.

Viewing the allegations of the complaint liberally, as our notice pleading practice requires, we are of the opinion that it does not affirmatively appear that no relief may be granted under the complaint. In dismissing the complaint the court was apparently of the opinion that no relief can be granted under it because the language granting plaintiffs a right of way is patently ambiguous. That is not necessarily the case; for aught that the record shows the ambiguities in the language at issue may be resolved by resorting to the plat referred to in the deeds of both parties or by other admissible evidence. In the setting that now exists, therefore, the complaint was erroneously dismissed. The cases defendants rely upon have no application. The only case involving just the pleadings, *Thompson v. Umberger*, 221 N.C. 178, 19 S.E.2d 484 (1942), was handed down when a complaint had to fully state a "cause of action," whereas our law now only requires that the complaint give notice of the claim or claims asserted. The other cases, *Oliver v. Ernul*, 277 N.C. 591, 178 S.E.2d 393 (1971), *M. E. Gruber, Inc. v. Eubank*, 197 N.C. 280, 148 S.E. 246 (1929), and *Adams v. Severt*, 40 N.C. App. 247, 252 S.E.2d 276 (1979), were decided upon evidence, either presented or forecast, and were

dismissed by judgment of nonsuit, or summary judgment, for not raising issues of fact for the jury.

Reversed.

Judges ARNOLD and COZORT concur.