STONECREEK SEWER ASS'N v. GARY D. MORGAN DEVELOPER, INC.

[179 N.C. App. 721 (2006)]

———————

STONECREEK SEWER ASSOCIATION, MITCHELL K. WOODY AND WIFE, SHERRI WOODY, GEORGE W. GOULD AND WIFE, SHARON GOULD, DANNY DEWITT BURNETT AND WIFE, LINDA DARLENE BURNETT, DAVID RICHARD KINDLEY AND WIFE, JULIE FORE KINDLEY, TERESA E. WHITMIRE, CHRISTOPHER T. MALL, PERRY R. SCOTT AND WIFE, GAIL E. SCOTT, PLAINTIFFS v. GARY D. MORGAN DEVELOPER, INC., GARY D. MORGAN, VIRGINIA W. MORGAN, HARVEY H. MOORE AND WIFE, DORIS W. MOORE, DEFENDANTS

No. COA06-311

(Filed 17 October 2006)

## 1. Easements— sewer system—findings supported by evidence

The evidence supported the findings in a dispute over the existence of a nonexclusive easement over defendant's land for the operation of a sewer system.

## 2. Easements— sewer system—conclusions—supported by findings

In a dispute over the existence of a nonexclusive easement over defendants' land for the operation of a sewer system, the evidence supported conclusions that the easement's language is

STONECREEK SEWER ASS'N v. GARY D. MORGAN DEVELOPER, INC.

[179 N.C. App. 721 (2006)]

not ambiguous, that it clearly states its plat and purpose as being for the operation of a sewage treatment plant, and that plaintiffs, as successors in interest and assigns, own an express non-exclusive easement.

Appeal by defendants Harvey H. and Doris W. Moore from judgment entered 1 July 2005 by Judge Laura J. Bridges in Henderson County Superior Court. Heard in the Court of Appeals 20 September 2006.

> *Roberts & Stevens, P.A., by William Clarke, for plaintiffs-appellees.*

> *No brief filed for defendants-appellees Gary D. Morgan Developer, Inc., Gary D. Morgan, and Virginia W. Morgan.*

> *Sharon B. Alexander, for defendants-appellants.*

TYSON, Judge.

Harvey H. and Doris W. Moore (the "Moores") appeal from order entered holding Stonecreek Sewer Association, Mitchell K. and Sherri Woody, George W. and Sharon Gould, Danny Dewitt and Linda Darlene Burnett, David Richard and Julie Fore Kindley, Teresa E. Whitmire, Christopher T. Mall, Perry R. and Gail E. Scott (collectively, "plaintiffs"), property owners for lots 1, 3, 5, 7, 9, 11, and 13, own a non-exclusive easement on the Moores's property. We affirm.

## I. Background

On 10 May 1989, the Moores conveyed an express easement to Gary D. Morgan Developer, Inc. ("Morgan") for "constructing, maintaining, repairing, replacing, expanding and otherwise dealing with a sewage treatment plant[.]" The deed contained the following language:

> It is understood that [Morgan], its successors in interest and assigns, shall not provide sewage services using the easement and right of way tract and sewer line easement specified in this instrument *other than to Lots 1, 3, 5, 7, 9, 11, 13, & 15 of Stone Creek Subdivision as shown on the plat recorded in Plat Slide 536, Henderson County Registry.*

> It is expressly acknowledged, confirmed and agreed by [the Moores], their heirs and assigns, and [Morgan] herein, its successors in interest, assigns and future Grantees, that [Morgan], its

successors in interest and assigns, plans to construct a sewage treatment facility on the above described easement and right of way tract. As a part of the consideration for this conveyance, [the Moores] hereby convey [sic], and [Morgan] hereby accepts this deed SUBJECT to the restriction, which shall run with the said tract of land, that said tract of land as described herein shall be used and possessed by [Morgan], its successors, assigns and future Grantees, only for the purpose of location and operation of said "sewage treatment plant or facility" as previously referred to herein.

That in the event [Morgan], its successors, assigns or future Grantees, cease to use said tract of land for the location and operation of said "sewage treatment plant or facility" as referred to and defined herein, then, in that event, the easement and right of way for the use and possession of said tract of land and the sewer line easement, together with all easements and improvements hereon, shall automatically revert to [the Moores], their heirs and assigns, immediately; and [the Moores], their heirs and assigns, shall have the immediate right to re-enter said premises and to possess the same.

(Emphasis supplied).

On 11 May 1989, Morgan conveyed an easement ("the Agreement") to Stone Creek Subdivision Lot Owners three and five to use the sewage treatment facility. On 12 May 1989, Henderson County Health Department (the "Health Department") granted Morgan a septic tank system improvements permit to "install system per Lapsley plans." On 2 January 1990, the Health Department approved Morgan's septic tank installation because it was "installed close enough to the plans by William G. Lapsley & Associates to be acceptable."

On or about 13 April 2000, a leak occurred in the force main leading to the septic drain field causing water to back up in the sewage treatment system. The Moores and Morgan prevented plaintiffs from entering the property to repair the leak. On 17 April 2000, plaintiffs filed a complaint and petition for declaratory judgment against the Moores and Morgan. Later that day, the trial court granted an *ex parte* temporary restraining order that prohibited the Moores and Morgan from harming, assaulting, or interfering with plaintiffs entering the septic drainfield to inspect and repair the sanitary sewage system. On 15 September 2001, plaintiffs voluntarily dismissed their complaint.

On 10 September 2002, the Health Department sent a letter to plaintiffs stating, "[t]he septic system was found to be malfunctioning (sewage on the ground surface) and in poor state of disrepair." The Health Department required plaintiffs to repair the septic system within thirty days, or it would take legal action.

On 26 September 2002, plaintiffs filed a complaint against and the Moores and Morgan for declaration of an easement, a temporary restraining order, a preliminary injunction, a permanent injunction and punitive damages. On 18 October 2002, the trial court granted an *ex parte* temporary restraining order that prohibited the Moores and Morgan from harming, assaulting, or interfering with plaintiffs inspecting and repairing the sanitary sewage system to correct the current malfunction. On 14 October 2002, the trial court entered a consent order. The parties agreed, without prejudice to any of the parties, that plaintiffs may enter the Moores's property to inspect and repair the septic systems. On 26 March 2003, the Health Department issued an operating permit to plaintiffs to mow the septic tank drain field.

On 21 February 2005, the parties stipulated to the trial court the issues in this action are:

(1) [w]hat rights (if any) do the Plaintiffs, their successors in title, now have relative to the said 2.03 acre tract by virtue of the non-exclusive right of way and easement created by that instrument recorded in Deed Book 737 at Page 481, Henderson County Registry; and (2) [w]hat rights (if any) do Defendants Moore, their successors in title, now have relative to the said 2.03 [sic] acre tract.

The parties agreed for the trial court to determine these issues, and waived their right to a jury trial.

On 31 July 2005, the trial court ordered: (1) plaintiffs own a non-exclusive easement in the 2.03 [sic] acre tract owned by defendants; (2) plaintiffs shall continue to operate, maintain, repair and replace, if necessary, the waste water treatment system, plant or facility on said property; (3) plaintiffs have the right to mow that portion of the 2.03 [sic] acre tract; and (4) defendants may make reasonable use of the 2.03 [sic] acre tract, provided such use shall not unreasonably interfere with plaintiffs' ability to operate the waste water treatment system, plant or facility located thereon. The Moores appeal.

## II.  Issues

The Moores argue: (1) the evidence fails to support the findings of fact; (2) the findings of fact fail to support the conclusions of law; (3) the findings of fact and conclusions of law fail to support the judgment; (4) plaintiffs do not own an easement encumbering their property for use of a septic drain field; and (5) any easement created was extinguished and title reverted to them.

## III.   Standard of Review

"The standard of review on appeal from a non-jury trial is 'whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts.' " *East Market Square Street, Inc. v. Tycorp Pizza IV, Inc.*, 175 N.C. App. 628, 632, 625 S.E.2d 191, 196 (2006) (quoting *Shear v. Stevens Building Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992)). "Where the trial court sits without a jury, its findings of fact have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support those findings." *Id.* (quotations omitted).

> The court's findings of fact are conclusive if supported by [substantial] evidence, and judgment supported by them will be affirmed even though there is evidence contra. Where there is no evidence to support an essential finding of fact, however, and where conclusions are not supported by sufficient factual findings, the judgment cannot be sustained.

*Spivey v. Porter*, 65 N.C. App. 818, 819, 310 S.E.2d 369, 370 (1984) (citation omitted). We review the trial court's conclusions of law *de novo. East Market Square Street*, 175 N.C. App. at 632, 625 S.E.2d at 196.

## IV.  Whether Evidence Supports Findings

[1] The Moores argue the evidence fails to support the following findings of fact:

> 1.  The easement deed dated May 10, 1989, and recorded in Deed Book 737 at page 481, Henderson County Registry, is based on the Waste Water Treatment System for Lots 1, 3, 5, 7, 9, 11, 13, and 15 of Stonecreek Subdivision, Henderson County, North Carolina, drawn by William G. Lapsley & Associates, P.A., Consulting

Engineers & Land Surveyors in March 1989 as job 89124 approximately two months before the easement deed was dated and recorded.

. . . .

6. The Agreement and Sewer Easement dated May 11, 1989 and recorded in Deed Book 737 at page 639, Henderson County Registry, is based on the Waste Water Treatment System proposed in March 1989 which was substantially installed and operation implemented. Said system being approved by the . . . Health Department with its permit on January 2, 1990.

. . . .

9. The Lots were sold to prospective owners who relied on the rights of way, and easements for waste water treatment system, plant or facility which was installed due to each of the Lots inability to sustain a septic tank system.

. . . .

11. That Harvey H. Moore and Ricky Moore were closely involved in Gary Morgan Developer, Inc. as Ricky Moore was vice-president and Harvey H. Moore was secretary of said corporation.

. . . .

13. After the abandonment of said waste water treatment system, Plaintiff were required to create the Stonecreek Sewer Association to operate the system, plant or facility and to keep said waste water treatment system repaired and operating.

14. The language in the easement deed regarding the easement at issue and its purpose is not ambiguous when read in context with the Waste Water System developed by Lapsley and Associates, the . . . Health sewage system permits and the attendant circumstances.

15. The Plaintiffs' use of the Plaintiffs' easement on the 2.03 [sic] acre tract as a waste water system, plant, facility is exactly as intended by the easement deed.

The Moores assign error to findings of fact numbered 1, 2, 6, 7, 9, 11, 13, 14, and 15, but failed to present an argument to challenge find-

ings of fact numbered 2 and 7. Findings of fact numbered 2 and 7 are binding on appeal and the Moores's assignments of error to these findings are deemed abandoned. *See* N.C.R. App. P. 28(b)(6) (2006) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

The Moores contend the record does not contain evidence that the easement deed is based upon the plans drawn by William G. Lapsley & Associates, P.A. marked by them on appeal as Exhibit B. On 12 May 1989, the Health Department approved Morgan's permit for septic tank system construction to be "install[ed] . . . per Lapsley plans." On 2 January 1990, the Health Department approved Morgan's operations permit for the septic system because it was "installed close enough to the plans by William G. Lapsley & Associates to be acceptable." Finding of fact numbered 1 is supported by competent evidence. The Moores's assignment of error is overruled.

The Moores contend the record does not contain evidence that the Agreement is based upon Lapsley's plans. The Moores's septic tank improvement permit states they must "install [the] system per Lapsley plans." The Moores's operations permit states the septic tank pump was "[i]nstalled close enough to the plans by William G. Lapsley & Associates to be acceptable." Both of these documents were properly admitted into evidence. Competent evidence supports finding of fact numbered 6. The Moores's assignment of error is overruled.

The Moores contend the record fails to contain evidence that prospective purchasers relied on the right of way and easement for the waste water treatment system, plant, or facility. The parties stipulated:

[t]he Lots are served by a common sanitary sewer system which collects wastewater from the individual homes, transports it to a pump station located on Lot 1 (Plaintiff Woody's Lot) and transfers it via a force main under McDowell Road to the 2.03 [sic] acre tract, upon which is installed a septic drain field[.]

The Moores' deed of easement was recorded on 10 May 1989. The Moores's and plaintiffs' predecessor-in-interest's Agreement was recorded 12 May 1989. Plaintiffs' individual septic tanks cannot function without the sewage treatment plant on the Moores's property. Competent evidence shows plaintiffs relied upon the sewage treat-

ment plant when they purchased Stone Creek lots 1, 3, 5, 7, 9, 11, and 13 to support the trial court's finding of fact numbered 9. The Moores's assignment of error is overruled.

The Moores argue the record does not contain evidence that Harvey H. Moore and Ricky Moore were closely involved with Morgan. The Moores granted the easement to Morgan for the construction and maintenance of a sewage treatment facility. The Moores executed the Agreement as Secretary of Gary Morgan Developer, Inc. Evidence in the record shows that Doris W. Moore, Harvey H. Moore's wife, is also Gary Morgan's mother. Ricky Moore executed the Agreement as Vice President of Gary Morgan Developer, Inc. Competent evidence shows Harvey H. Moore and Ricky Moore are "closely related" to Gary Morgan, Developer, Inc. to support the trial court's finding of fact numbered 11. The Moores's assignment of error is overruled.

The Moores contend plaintiffs were not required to create the Stonecreek Sewer Association. The parties stipulated that "[t]his action was instituted in the District Court Division by an unincorporated Stonecreek Sewer Association." The members of Stonecreek Sewer Association are the property owners for Lots 1, 3, 5, 7, 9, 11, and 13. This stipulation shows Stonecreek Sewer Association was created for the purposes alleged in plaintiffs' complaint to support the trial court's finding of fact numbered 13. The Moores's assignment of error is overruled.

The Moores argue the record fails to show the easement deed's language was not ambiguous. The Moores stipulated:

[d]efendants Moore . . . grant[ed] to Defendant Gary D. Morgan Developer, Inc. a non-exclusive right of way and easement agreement to run a sewer line and to operate a sewage treatment plant or sewage treatment facility on a 2.03 acre tract that was and is owned in fee simple by Defendants Moore as tenants by the entirety.

The Moores stipulated to the purpose of the easement contained in the easement's express language. Competent evidence supports the trial court's finding of fact numbered 14. The trial court's conclusion of law that the easement is not ambiguous is affirmed.

The Moores contend the record does not contain evidence plaintiffs have used the easement as intended. The easement deed states that Gary D. Morgan, Developer Inc. shall not provide sewage serv-

ices other than to lots 1, 3, 5, 7, 9, 11, 13, and 15. Plaintiffs' predecessor-in-interest for lots 3 and 5 contracted with the Moores in the Agreement to be connected with the Moores' sewage treatment facility. Competent evidence shows plaintiffs have and are using the easement exactly for the purposes intended. The Moores's assignment of error is overruled. As all findings of fact challenged by the Moores are supported by substantial evidence in the record, we now review the challenged conclusions of law *de novo*. *East Market Square Street*, 175 N.C. App. at 632 625 S.E.2d at 196.

## V. Whether Findings Support Conclusions

[2] The Moores argue the following conclusions of law are erroneous:

> 2. Plaintiffs, their successors and assigns have a non-exclusive easement to continue the operation and maintenance of the waste water treatment system, plant or facility on the 2.03 tract owned by the Defendants, Harvey H. Moore and wife, Doris W. Moore.

> 3. The language of the right of way and easement dated May 10, 1989, recorded in Deed Book 737 at page 481, Henderson County Registry, is ambiguous unless read in context with the Waste Water Treatment System developed in March 1989 some two months before the drafting and of recording of the right of way and easement and the Henderson County Health sewage system permits issued May 11, 1989 and January 2, 1990, stating the location and implementation of the waste water treatment system.

> 4. It is clear from the attendant circumstances and documents that the parties to the easement document immediately prior to and following the grant of that easement, intended the document to allow the installation of a waste water treatment system, plant or facility as developed by Lapsley and Associates which uses a collection system pumped to drainage fields or as stated on Lapsley's plan "a ground absorption system."

> . . . .

> 6. That the owners of said Lots purchased said Lots in reliance on the rights of way and easements of record and in reliance on said corporation operating and maintaining the waste water sewer system as their individual lots could not sustain individual septic tank systems.

A. Express Easement

Our Supreme Court has succinctly stated the standard of review and construction of an easement:

An easement deed, such as the one in the case at bar, is, of course, a contract. The controlling purpose of the court in construing a contract is to ascertain the intention of the parties as of the time the contract was made, and to do this consideration must be given to the purpose to be accomplished, the subject-matter of the contract, and the situation of the parties.

*Weyerhaeuser Company v. Carolina Power & Light Company*, 257 N.C. 717, 719, 127 S.E.2d 539, 541 (1962). "The intention of the parties is to be gathered from the entire instrument and not from detached portions." *Id.*

If the scope and extent of an easement is contested, the following rules apply:

First, the scope of an express easement is controlled by the terms of the conveyance if the conveyance is precise as to this issue. Second, if the conveyance speaks to the scope of the easement in less than precise terms (i.e., it is ambiguous), the scope may be determined by reference to the attendant circumstances, the situation of the parties, and by the acts of the parties in the use of the easement immediately following the grant. Third, if the conveyance is silent as to the scope of the easement, extrinsic evidence is inadmissible as to the scope or extent of the easement. However, in this latter situation, a reasonable use is implied.

*Swaim v. Simpson*, 120 N.C. App. 863, 864, 463 S.E.2d 785, 786-87 (1995), *aff'd per curiam*, 343 N.C. 298, 469 S.E.2d 553 (1996). When the instrument creating an express easement describes the extent of the easement with precision, the plain language and terms of the easement control. *Williams v. Abernethy*, 102 N.C. App. 462, 464-65, 402 S.E.2d 438, 440 (1991).

On 10 May 1989, the Moores conveyed the easement to Morgan. The easement's stated purpose was for:

constructing, maintaining, repairing, replacing, expanding and otherwise dealing with a sewage treatment plant, including all rights of attachment and full utilization of said sewage treatment plant and all plumbing necessary to accomplish the same, said

sewage treatment plant facility and easement and right of way parcel described as follows: . . . . Said easement and right of way tract is 2.003 acres, more or less, and is located on a portion of that property recorded in Deed Book 716, at Page 743, Henderson County Registry.

There also is CONVEYED to [Morgan] . . . a thirty foot wide sewer line easement[.]

The easement deed plainly states Morgan shall use this easement for a sewage treatment plant, sewage treatment plant facility, a sewage treatment facility, or a sewage treatment plant or facility. The Moores intended for Morgan, "its successors in interest and assigns," to use the 2.003 acres conveyed in the easement deed for the purposes of a sewage treatment plant or facility. The easement's language is not ambiguous and clearly states the easement's plat and purpose was for operation of a sewage treatment plant.

The easement deed was properly recorded, and subsequent purchasers were put on notice that their septic tank systems were connected to the sewage treatment system on the Moores's property. The trial court did not err in concluding the easement clearly and unambiguously stated Morgan shall use the easement for the construction, maintenance, and operation of a sewage treatment plant system. The Moores's assignment of error is overruled.

### B.  Uses

The Moores argue the trial court erroneously concluded that plaintiffs own an easement encumbering their property to use a septic drain field. "An express easement must be 'sufficiently certain to permit the identification and location of the easement with reasonable certainty.' " *Wiggins v. Short*, 122 N.C. App. 322, 327, 469 S.E.2d 571, 575 (1996) (quoting *Adams v. Severt*, 40 N.C. App. 247, 249, 252 S.E.2d 276, 278 (1979)). "The description must either be certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers." *Thompson v. Umberger*, 221 N.C. 178, 180, 19 S.E.2d 484, 485 (1942).

The Moores granted to Morgan, "*its successors in interest and assigns*, a non-exclusive perpetual easement . . . for purposes of constructing . . . and otherwise dealing with a sewage treatment plant[.]" The easement specifically stated Morgan "shall not provide sewage services using the easement and right of way tract and sewer line

easement . . . other than to Lots 1, 3, 5, 7, 9, 11, 13 & 15 of Stone Creek Subdivision as shown on the plat recorded Plat Slide 536, Henderson County Registry."

Plaintiffs, as "successors in interest and assigns" of defendant Gary D. Morgan, Developer, Inc., own an express non-exclusive easement because: (1) their lots are specifically stated in the easement; (2) they are successors in interest and assigns to Morgan's easement; (3) the plat and easement was properly recorded; (4) plaintiffs' lots are served by a common sanitary sewer system which collects waste-water from the individual homes, transports it to the property specified in the easement; and (5) plaintiffs relied upon the easement for a sewer treatment system in purchasing the lots.

The easement clearly states its intent is to provide a sewage treatment system to plaintiffs. Plaintiffs, as Morgan's "successors in interest and assigns," have not ceased to use the tract of land for the location and operation of the sewage treatment plant or facility. The trial court did not err in enforcing plaintiffs' non-exclusive easement in the Moores's 2.003 acre tract. The Moores's assignment of error is overruled.

## VI.  Conclusion

Substantial evidence in the record supports the trial court's findings of fact. These findings of fact support the trial court's conclusions of law.

The trial court did not err in ordering plaintiffs own a non-exclusive easement in the 2.003 acre tract owned by the Moores. The trial court did not err in ordering plaintiffs shall continue to operate, maintain, repair, and replace the waste water treatment system and shall have a right to mow the 2.003 acre tract. The trial court's judgment is affirmed.

Affirmed.

Judges BRYANT and LEVINSON concur.