FRANK H. R. FALKSON, KENNETH COLLIER, FRANCIS CARTER, ALBERT G. FOLCHER, III, VICTOR VANCE, BURT MOODY, AND WATERWAY LANDING— POCOSIN FARMS PROPERTY OWNERS ASSOCIATION, Plaintiffs v. CLAYTON LAND CORPORATION, 3-B FARMS, INC., AND JIMMY D. BRINN, JR., AND WIFE, PAULA O. BRINN, Defendants

No. COA04-1596

(Filed 15 November 2005)

**Easements— servient tenant's impermissible interference with dominant tenant's use— motion to dismiss**

The trial court erred by granting defendants' Rule 12(b)(6) motion to dismiss plaintiffs' complaint seeking relief for damages allegedly done to an easement by defendants' use and plaintiffs' loss of use resulting from such damage, because such relief is available in North Carolina in situations where a servient tenant impermissibly interferes with a dominant tenant's use of an easement.

Appeal by plaintiffs from an order entered 12 July 2004 by Judge William C. Griffin, Jr. in Hyde County Superior Court. Heard in the Court of Appeals 16 June 2005.

*Geo. Thomas Davis, Jr., for the plaintiffs-appellants.*

*Keith B. Mason and McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III, and Terri W. Sharp, for Clayton Land Corporation and Jimmy D. Brinn, Jr. and wife, Paula O. Brinn, defendants-appellees.*

*Franklin B. Johnston, for 3-B Farms, Inc., defendants-appellees.*

JACKSON, Judge.

The facts giving rise to this appeal are undisputed. Plaintiffs and defendants, through a series of conveyances, are the owners, or representatives of the owners, of parcels of property which originally comprised a single piece of property owned by the Rich family. The properties owned by plaintiffs and the properties of the owners represented by the Waterway Landing-Pocosin Farms Property Owners Association ("Homeowner's Association") originally were transferred as a single parcel from the Rich family. That parcel subsequently was subdivided into two subdivisions. The original deed to the property

which now comprises the two subdivisions included an easement for ingress and egress which the parties agree describes Airport Road, the subject of the instant controversy. The Homeowner's Association was formed to maintain Airport Road as well as other roads and common areas within the two subdivisions.

Title to defendants' properties also originated from the Rich family and the properties, collectively, are the servient estate of the easement. Defendants' properties lay between plaintiffs' properties and the public roadway and are utilized as farmland.

Airport Road, which constitutes the easement, is a dirt road constructed by the Riches prior to any land sales to the parties to this case. The road was constructed by digging canals which were then filled with wood and topped off with dirt. Due to the manner of construction, the road is subject to developing holes where the underlying wood has rotted away. These holes normally are repaired by filling them with dirt. After the original transfer of the property constituting the dominant estate from the Riches to plaintiffs' grantor, plaintiffs' grantor improved the entire length of the road surface by placing rock on top of the dirt surface.

The Homeowner's Association subsequently placed rock in holes that developed in the road and sought compensation from defendants for that portion of the cost that it considered reasonably attributable to the portion of the road owned and used by defendants. Defendants refused to pay the compensation requested, contending that they had no duty to maintain the easement and that their use of it was reasonable and within the uses provided for by the language granting the easement. Plaintiffs contend that defendants' use of the easement caused substantial damage thereto and deprived them of their reasonable use of the easement, thus requiring compensation from defendants.

Plaintiffs filed a complaint in the Superior Court of Hyde County on 14 March 2001 seeking declaratory and monetary relief. Defendants filed answers and motions to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Plaintiffs then filed a motion for partial summary judgment. On 7 June 2004, a hearing was held on the parties' motions. At the hearing, oral testimony was presented by the president of defendant, 3-B Farms, Inc., who testified generally regarding the defendants' use of the road.

After hearing the testimony and arguments of counsel, the trial court denied plaintiffs' motion for partial summary judgment and

granted defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Plaintiffs timely appealed the order granting the motion to dismiss.

The standard of review of an order granting a 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. *Country Club of Johnston County, Inc. v. U.S. Fidelity & Guar. Co.*, 150 N.C. App. 231, 238, 563 S.E.2d 269, 274 (2002). In the case *sub judice*, the allegations relevant to this appeal are that defendants had caused substantial damage to the roadway over which plaintiffs had an easement and that such damage substantially deprived plaintiffs of the reasonable use of that easement.

Both parties agree that the general rule in North Carolina is that the owner of a servient estate has no duty to maintain or repair an easement for the benefit of the dominant tenant in the absence of an agreement requiring it. *Green v. Duke Power Co.*, 305 N.C. 603, 611, 290 S.E.2d 593, 598 (1982); *see also, Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 165, 418 S.E.2d 841, 848 (1992); 25 Am. Jr. 2d Easements and Licenses in Real Property § 94 (2004). Both parties also agree, that the owner of a servient estate may continue to make reasonable use of the property which is subject to the easement. *Carolina Power & Light Co. v. Bowman*, 229 N.C. 682, 687-88, 51 S.E.2d 191, 195 (1949). A servient owner may not, however, make use of the property in such a way as to interfere with the dominant tenant's reasonable use of the easement for the purpose for which it was granted and any such use may be enjoined. *Id.* WEBSTER'S REAL ESTATE LAW IN NORTH CAROLINA provides that, with respect to this rule:

> "Any activity by the fee owner which would result in increased cost or inconvenience to the easement holder in exercise of his rights or which would create a safety hazard should those rights be exercised amounts to a material impairment of the easement interest."

PATRICK K. HETRICK & JAMES B. MCLAUGHLIN, JR., WEBSTER'S REAL ESTATE LAW IN NORTH CAROLINA § 15-23 (5th ed. 1999) (quoting *United States v. Sea Gate, Inc.*, 397 F. Supp. 1351, 1358 (D.N.C. 1975)).

Plaintiffs' complaint plainly alleges that defendants have caused substantial damage to the roadway which is subject to the easement

MILLER v. FORSYTH MEM'L HOSP., INC.

[174 N.C. App. 619 (2005)]

and that such damage has substantially deprived them of the reasonable use of the easement. Plaintiffs seek damages from defendants resulting from the damage allegedly done to the easement by defendants' use and plaintiffs' loss of use resulting from such damage. Such relief is available in North Carolina in situations where a servient tenant impermissibly interferes with a dominant tenant's use of an easement. *See Williams v. Skinner*, 93 N.C. App. 665, 673, 379 S.E.2d 59, 64-65, *cert. denied*, 325 N.C. 277, 384 S.E.2d 532 (1989) ("It is a correct proposition that the holder of an easement may seek monetary damages for wrongful interference with his use of the easement."). Accordingly, we hold that plaintiffs' complaint did state a claim for which relief could be granted and, therefore, reverse the trial court's order granting defendants' Rule 12(b)(6) motion.

Reversed.

Judges HUDSON and STEELMAN concur.