ALDON MASON-REEL, ALICE B. REEL, AND FLORA MASON REEL, PLAIN-
TIFFS v. JIMMY C. SIMPSON, KENNETH DALE SIMPSON, AND JAMES
H. SIMPSON, DEFENDANTS

No. 903SC285

(Filed 20 November 1990)

**1. Deeds § 11 (NCI3d)— intent of parties—determination by judge**

The requirement of N.C.G.S. § 39-1.1(a) that "the courts"
interpret a deed containing inconsistent clauses did not change
the traditional rule that it is the judge's role to determine
the intent of the parties according to rules of construction.

**Am Jur 2d, Deeds § 234.**

**2. Deeds § 11 (NCI3d)— intent of parties—ruling by court without
jury**

The trial judge did not err in ruling pursuant to N.C.G.S.
§ 39-1.1, without a jury and without hearing evidence, that
it was the intent of the parties to a 1986 deed which contained
inconsistent clauses that only timber would be conveyed by
the deed.

**Am Jur 2d, Deeds § 221.**

APPEAL by defendants from a judgment entered 27 November
1989 by *Judge Napoleon B. Barefoot* in Superior Court, PAMLICO
County. Heard in the Court of Appeals 27 September 1990.

*Beaman, Kellum, Hollows & Jones, P.A., by William H. Hollows,*
*for plaintiff-appellees.*

*Barker & Dunn, by Donald J. Dunn, for defendant-appellants.*

LEWIS, Judge.

The issue in this case is whether the trial judge, upon a motion
made after the denial of a summary judgment, correctly used N.C.G.S.

§ 39-1.1 when he interpreted, as a matter of law, the intent of the parties in a deed which contained inconsistent clauses.

The plaintiffs filed a complaint alleging in their first claim for relief that the defendants had fraudulently schemed to acquire title to the plaintiffs' property. The plaintiffs also alleged that due to the defendants' fraud, there exists a cloud on plaintiffs' title to their property. In the plaintiffs' second claim for relief, the plaintiffs asked the court to "declare the effect of the [deed] . . . to be a timber deed . . ." pursuant to N.C.G.S. § 39-1.1.

The deed in controversy was typed, i.e., not on a form, and was executed on 24 March 1986. It was prepared by the defendants' attorney and was signed by the plaintiff-grantors. The granting clause states in part:

> [t]hat said parties of the first part, for and in consideration of the sum of TEN DOLLARS, and other good and valuable considerations to them in hand paid, the receipt of which is hereby acknowledged, have bargained and sold and by these presents do bargain, sell, and convey unto the said party of the second part and his heirs and assigns *all merchantable timber and a certain tract or parcel of land as hereinafter defined, lying or standing upon a certain tract of land* in Pamlico County, North Carolina, and more fully described as follows:
> . . . .

(emphasis added). The deed then describes the tract of land in detail. The habendum clause provides the following:

> [t]o have and to hold, *said timber*, together with the rights and privileges hereinabove set out, to him, the said party of the second part and his heirs and assigns in fee simple forever.

(emphasis added). The warranty clause states as follows:

> [a]nd said parties of the first part do covenant that they are seized of said *timber and the lands upon which it is situated in fee simple*, and have the right to convey the same, that the same are free and clear of all encumbrances and that they will warrant and defend the title herein conveyed against the lawful claims of all persons whomsoever.

(emphasis added).

MASON-REEL v. SIMPSON

[100 N.C. App. 651 (1990)]

The defendants made a motion for summary judgment, arguing that there was no genuine issue of material fact as to the plaintiffs' claims of fraud. Judge Reid denied the summary judgment motion. At a separate hearing later, before Judge Barefoot, the plaintiffs moved that the judge interpret the meaning of the words of the deed and find, as a matter of law, pursuant to N.C.G.S. § 39-1.1, that the parties intended to convey only timber rights and not the fee simple. The defendants asked for a jury trial.

After reading the pleadings which included a copy of the deed in controversy the trial judge, without a jury and without hearing any evidence, ruled that there was an error in the granting clause and that the parties intended the word "and" to be "on" so that the clause would read: "merchantable timber *on* a certain tract or parcel of land. . . ." Thus, the trial judge ruled that it was the intent of the parties to convey only timber.

"The intention of the parties as apparent in a deed should generally control in determining the property conveyed thereby; but, if the intent is not apparent from the deed, resort may be had to the general rules of construction." *Sugg v. Greenville*, 169 N.C. 606, 614, 86 S.E. 695, 699 (1915). When the legislature passed N.C.G.S. § 39-1.1, it was their primary intention to abolish past rules of construction which required courts to disregard certain clauses if they contradicted the granting clause of a deed. *Whetsell v. Jernigan*, 291 N.C. 128, 133, 229 S.E.2d 183, 187 (1976). Instead, for conveyances executed after 1 January 1968, the courts would, under N.C.G.S. § 39-1.1, consider equally all clauses in a deed when ascertaining the intent of the parties. *Id.* Therefore, N.C.G.S. § 39-1.1(a) provides:

> [i]n construing a conveyance executed after January 1, 1968, in which there are inconsistent clauses, the courts shall determine the effect of the instrument on the basis of the intent of the parties as it appears from all of the provisions of the instrument.

N.C.G.S. § 39-1.1(a).

[1]    Generally, where there is "no waiver of jury trial or agreement as to facts nor evidence offered, the court [is] without power to decide a controverted issue of fact raised by the pleadings." *Sullivan v. Johnson*, 3 N.C. App. 581, 583, 165 S.E.2d 507, 508 (1969). However, "[a]mbiguous deeds traditionally have been construed by the courts

according to rules of construction, rather than by having juries determine factual questions of intent." *Robinson v. King,* 68 N.C. App. 86, 89, 314 S.E.2d 768, 771, *disc. rev. denied,* 311 N.C. 762, 321 S.E.2d 144 (1984). The meaning of the terms of the deed is a question of law, not of fact. *Brown v. Hodges,* 232 N.C. 537, 541, 61 S.E.2d 603, 606 (1950), *reh'g denied,* 233 N.C. 617, 65 S.E.2d 144 (1951). In light of the purpose of N.C.G.S. § 39-1.1(a), the statute's requirement that "the courts" interpret the deed did not change the traditional rule that it is the judge's role to determine the intent of the parties. It was not the legislature's intent to change *who* interprets the intent of the parties in a deed; rather, the statute was an effort by the legislature to state *how* "the courts" should interpret the deed. Therefore, under the statute it is the judge's role to determine the intent of the parties.

[2] The plaintiffs' basis for their action to quiet title was the alleged fraud of the defendants. Generally, in actions to quiet title where the plaintiffs rely on fraud to overcome the effect of a deed, they must prove fraud. *Ramsey v. Ramsey,* 224 N.C. 110, 114, 29 S.E.2d 340, 342 (1944) (citation omitted). Where the cause of action is in fraud, the defendants would have a basic right to a jury trial. However, Judge Barefoot in this case considered only the intent of the parties in the deed in question and did not reach the issue of fraud. Once the intent was determined, "fraud" no longer mattered and no jury trial was necessary. The judge was able to dispose of the case on what appears to be a judgment on the pleadings.

In *Robinson v. King,* 68 N.C. App. 86, 314 S.E.2d 768, *disc. rev. denied,* 311 N.C. 762, 321 S.E.2d 144 (1984), this Court held that in some situations it is necessary to look beyond the four corners of the deed to ascertain the intent of the parties. "[I]ntention, as a general rule, must be sought in the terms of the instrument; but if the words used leave the intention in doubt, resort may be had to the circumstances attending the execution of the instrument and the situation of the parties at that time—the tendency of the modern decisions being to treat all uncertainties in a conveyance as ambiguities to be explained by ascertaining in the manner indicated the intention of the parties." *Robinson v. King, id.* at 95, 314 S.E.2d at 774, *disc. rev. denied,* 311 N.C. 762, 321 S.E.2d 144 (1984) (quoting *Seawell v. Hall,* 185 N.C. 80, 82, 116 S.E. 189, 190 (1923)). In the present case, the trial judge chose not to hear evidence of "circumstances attending the execution of the instru-

ment and the situation of the parties at that time." *Id.* Instead, the trial judge reasoned that he was able to determine the intent of the parties by considering the entire deed. From the peculiar wording of the deed and the pleadings, the judge concluded that the parties intended only to convey timber rights. We find no error in the trial judge's ruling.

Affirmed.

Judges WELLS and COZORT concur.