VANDA H. ROBERTSON, Plaintiff v. LINDA KAY HUNSINGER, Defendant and
BERNICE L. SHULER, SAM J. LOVE, and wife, MARCELLA B. LOVE, and
EVERETT BRUCE HUNSINGER, Defendants

No. COA98-622

(Filed 2 March 1999)

**Deeds— inconsistent clauses—right of way**

There was sufficient evidence in an action to determine the
location of a property line to support the findings, which sup-
ported the conclusions, addressing the intent of several brothers
in locating a right of way where four adjoining tracts came out of
one property.

Appeal by defendant Linda Kay Hunsinger from judgment entered
16 December 1997 by Judge Earl J. Fowler, Jr. in Buncombe County
District Court. Heard in the Court of Appeals 13 January 1999.

*Ochsenreiter Law Firm, by Patrick B. Ochsenreiter, for
plaintiff-appellee.*

*Hyler Lopez & Walton, P.A., by George B. Hyler, Jr. and Robert
J. Lopez, for defendant-appellant.*

WALKER, Judge.

This action involves four adjoining tracts of land which came out
of a tract of approximately five acres owned by Joe and Agnes Love.
This property was bequeathed to their four children after Agnes'
death in 1981. In the will, the southeast quadrant of the five-acre tract
was devised to defendant Bernice Love Shuler (defendant Shuler),
and the balance of the property was devised to the three Love broth-
ers as tenants in common. The will also provided for a right-of-way
over the northeast portion of defendant Shuler's property to the bal-
ance of the Love tract and that a survey of the property was to be
completed. On 25 September 1985, a survey was completed by C.W.
Smith.

On 21 February 1986, the Love brothers executed cross deeds
which subdivided into three tracts their remainder interest in the five-
acre tract. Danner Love received the southwest quadrant, Samuel
Love the northwest, and Joseph Love the northeast. Each of the cross
deeds contained a metes and bounds description of the property and
also attached was a copy of a plat of the four tracts (Exhibit "A"). The

right-of-way depicted on the plat entitled Exhibit "A" consisted of a 25-foot strip with the center line being the Bernice Shuler-Joseph Love property line. However, this boundary line in Exhibit "A" differed substantially from the boundary line shown on the Smith survey in 1985.

Thereafter, defendant Shuler brought an action in 86 CVS 818 to determine the location of the property line between her tract and Joseph Love's tract. On 13 February 1987, the trial court determined that the property line, as shown on the Smith survey in 1985, was the correct property line. The trial court then located the right-of-way along defendant Shuler's property across the northeastern portion of her property. As a result of the trial court's decision, the description in the cross deed to Joseph Love did not encompass a small triangular shaped parcel of land adjoining defendant Shuler's northern property line. Thus, the Love brothers believed they each owned a one-third undivided interest in the triangular piece of property since it had not been specifically included in the description of the tract conveyed to Joseph Love.

Subsequently, Samuel Love and Joseph Love deeded both of their tracts to defendant Linda Kay Hunsinger along with their respective one-third interests in the aforementioned triangular parcel. The deeds did not specifically describe the right-of-way, but stated that the conveyances were "subject to easements, restrictions, and rights-of-way of record."

On 23 June 1989, Danner Love conveyed his tract to plaintiff. In the plaintiff's deed, she also received a one-third interest in the triangular parcel and the right-of-way was described with reference to Exhibit "A" that was attached to the cross deeds.

On 10 April 1991, in her amended complaint, plaintiff alleged she had a right-of-way across the property of defendants Shuler and Hunsinger and that she had been denied access to her property. Subsequently, plaintiff voluntarily dismissed her claims against Samuel Love, Marcella B. Love, and Everett Bruce Hunsinger. On 16 May 1991, defendant Hunsinger filed an answer and counterclaim admitting the existence of the right-of-way, but denying plaintiff's contention as to its location and further denying interference with plaintiff's access to the property over the actual right-of-way. On 15 January 1991, defendant Shuler filed a motion to dismiss and asserted as an affirmative defense that the location of that portion of the right-of-way which ran over her property had been established by the judg-

ment in a prior action, 86 CVS 818, which was *res judicata* to this action.

On 20 September 1991, the parties appeared and agreed that they would present evidence to the trial court by stipulation on the issue of the location of the right-of-way. The stipulated evidence presented to the trial court was in the form of prior plats, deeds, and judgments. On 4 December 1991, the trial court entered a judgment which determined that the location of the right-of-way was consistent with the contentions of plaintiff. The trial court also found that the prior action, 86 CVS 818, was *res judicata* as to defendant Shuler and granted her motion to dismiss.

Defendant Hunsinger appealed to this Court, which held in *Robertson v. Hunsinger*, 111 N.C. App. 929, 434 S.E.2d 884 (1993) (unpublished), that "the trial court's findings of fact do not address the critical issue of the intent of the Love brothers in locating the easement." Thus, the judgment was vacated and the case was remanded to the trial court for additional findings to ascertain the intent of the parties with respect to the location of the easement.

On remand, the trial court made the following new findings:

18. That the map attached to the cross deeds of the Love brothers as "Exhibit A" wherein is shown a 25 foot right of way was prepared by C. W. Smith, R. L. S.

19. That the Plaintiff's contention as to the intent of the Love brothers when they signed their respective deeds was to convey a 25 foot wide right of way located in accordance with the attached map and described in paragraph 22 of the original order dated December 4, 1991 in addition to all interest the Love brothers and their respective spouses had in their respective parcels.

. . .

21. That the Love brothers' intent through their subsequent conveyances of a triangular shaped parcel located within their previously conveyed properties was for the benefit of their previous grantees. The court finds these subsequent conveyances and the absence of revenue stamps on the later deeds to be further evidence that the brothers' original intent was to convey any and all interest they had in the property they inherited from their mother. The court also finds that Plaintiff has a one-third interest in the

triangular shaped parcel of land referred to herein as a tenant in common and therefore has a right of way over this portion of land also.

22. That the court finds that it was the intent of the Love Brothers to create a right of way as shown by the Exhibit A's attached to their cross deeds and the deed from Danner Love and wife to the Plaintiff herein and that the centerline of said right of way is shown on said attached Exhibit A. That the court finds that the total width of this right of way is 25 feet at all points. That the court bases its findings of intent upon the fact the above referred to map gives a metes and bounds description which can be located upon the ground which is in accordance with *Allen v. Duvall*, 311 N.C. 245, 316 S.E.2d 217 (1984). The court also finds that another right of way involving Plaintiff's property includes all of lot 9 as shown in Plat Book 28 at page 30 of the Buncombe County Register of Deeds Office and the triangular shaped property described as follows:

Starting from the northwestern most point of lot 9 Plat Book 28 page 30 thence N. 85 degrees 07' 20" W. 37.40 feet to the point and place of beginning; thence N. 85 degrees 07' 20" W. 102.46 feet; thence N. 11 degrees 18' 10" W. 36.37 feet to a point which is the northeastern most point of Plaintiff's property thence S. 70 degrees 38' 18" E. 139.66 feet to the point and place of beginning.

The trial court concluded:

2. That the preponderance of the evidence makes the court conclude that the intent of the Love brothers when they first conveyed the property was shown in their original deeds to each other referred to in paragraph 14 Exhibits 3,4,5, and 6 of the findings of fact of the appealed order and comprised what the brothers believed at that time to be all their respective interests in their properties. Their later conveyances were not as a result of a creation of a triangular piece of property after these original conveyances but a correction of a mistake.

Then the trial court ordered:

1. The Plaintiff, her heirs, successors, and assigns have rights of way for ingress, egress, and regress from Roland Road across all of lot 9 Plat Book 28 page 30, the property over B[e]rnice Shuler's northeast corner described in 86 CVS 818, and the 25 feet wide area described in paragraph 3 under conclusions of law above to

the property described in Deed Book 1567 page 289 et seq. of the Buncombe County, N.C. Registry.

2. The Plaintiff is hereby granted a permanent injunction preventing the Defendants, their heirs, successors and assigns from access to the property described in Deed Book 1567 page 289 et. seq. of the Buncombe County, N.C. Registry by means of any of the rights of way described in number 1 above. That a mandatory injunction is granted wherein Defendant Sales is directed to remove the area of the barn shown on the Stallings and Vandewart survey within 60 days of the new survey by Ron Peterson being performed.

On appeal, defendant Hunsinger contends that the trial court erred in and takes exception to the judgment.

The findings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even though there may be evidence which would support a contrary conclusion. *Williams v. Skinner*, 93 N.C. App. 665, 671, 379 S.E.2d 59, 63-64, *cert. denied*, 325 N.C. 277, 384 S.E.2d 532 (1989).

N.C. Gen. Stat. § 39-1.1(a) (1984) states, "In construing a conveyance executed after January 1, 1968, in which there are inconsistent clauses, the courts shall determine the effect of the instrument on the basis of the intent of the parties as it appears from all of the provisions of the instrument." The intention of the parties is to be given effect whenever that can be done consistently with rational construction. *Allen v. Duvall*, 311 N.C. 245, 251, 316 S.E.2d 267, 271, *rehearing granted*, 311 N.C. 245, 316 S.E.2d 267 (1984). It is the trial judge's role to determine the intent of the parties. *Mason-Reel v. Simpson*, 100 N.C. App. 651, 654, 397 S.E.2d 755, 756 (1990). When creating an easement in a deed, "[t]here must be language in the deed sufficient to serve as a pointer or a guide to the ascertainment of the location of the land." *Allen*, 311 N.C. at 249, 316 S.E.2d at 270, (*quoting Thompson v. Umberger*, 221 N.C. 178, 180, 19 S.E.2d 484, 485 (1942)).

As requested by this Court, the trial court made additional findings on remand addressing the intent of the Love brothers in locating the right-of-way. These findings determine that it was the intent of the Love brothers to create a 25-foot right-of-way on what is now defendant Hunsinger's property according to the description of the right-of-way referred to in the map marked Exhibit "A". After a careful review of the record, we find there was sufficient evidence to support these

additional findings by the trial court. These findings support the trial court's conclusions which in turn support the judgment entered. The defendant's other assignments of error are without merit. Thus, the judgment of the trial court is

Affirmed.

Judges LEWIS and TIMMONS-GOODSON concur.