IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-855

Filed 16 April 2024

Mecklenburg County, No. 22CVS2680

TANICA BOST, Executrix of the Estate of Robert E. Bates, Plaintiff,

v.

ROGERS BROWN, JR., BRITTANY SAMONNE BROWN, and RANDY L. BROWN, as co-executors and heirs of the Estate of Reverend Doctor Veronica Sutton Bates, and MAX REMODELING SERVICES, INC., Defendants.

ROGERS BROWN, JR., and RANDY L. BROWN, as co-executors, individually and as heirs of the Estate of Reverend Doctor Veronica Sutton Bates & BRITTANY SAMONNE BROWN, Defendants/Third-Party Plaintiffs,

v.

PATRICIA E. KING, Third-Party Defendant.

Appeal by plaintiff from order entered 26 May 2023 by Judge Donald R. Cureton, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 6 February 2024.

*Fitzgerald Hanna & Sullivan, PLLC, by Stuart Punger, Jr. and Andrew L. Fitzgerald, for plaintiff-appellant.*

*Devore, Acton & Stafford, P.A., by Derek P. Adler and Shelby Lynn Gilmer, for defendants-appellees.*

FLOOD, Judge.

Tanica Bost, in her capacity as the Administratrix[1] of the Estate of Robert E. Bates ("Plaintiff Estate"), appeals from the trial court's order granting summary judgment for Rogers Brown, Jr. ("Defendant Rogers"), Brittany Samonne Brown, and Randy L. Brown ("Defendant Randy") (collectively, "Defendants"), and denying summary judgment for Plaintiff Estate. Plaintiff Estate argues on appeal that the trial court erred in issuing its order because, first, at a minimum, an issue of fact exists as to the effect of the Deed, and second, Plaintiff Estate may recover the proceeds of the sale of the Property under any one of the following theories of relief: conversion, reformation, and declaratory relief. After review, we conclude as a matter of law that the Deed created a tenancy by the entirety. We affirm the trial court's summary judgment order, however, as the Property passed by intestacy to Plaintiffs Tanica Bost ("Tanica") and Robert E. Bates, Jr. ("Robert, Jr.") in their *individual* capacities, neither of whom has appealed, and Plaintiff Estate has no claim of interest in the Property.

## I. Facts and Procedural Background

Robert E. Bates, Sr. ("Mr. Bates") and his former wife, Deborah Parsons Bates ("Deborah"), during their marriage obtained the property located at 4207 Briarhill Drive, Charlotte, North Carolina 28215 (the "Property"). Mr. Bates acquired the

---

[1] Although Tanica Bost has named herself "Executrix" of the Estate of Robert E. Bates, as the Estate is one of intestacy, for the sake of titular propriety we refer to her as "Administratrix."

Property in full as part of his divorce settlement with Deborah in 1994. On 25 October 1997, Mr. Bates married Rev. Dr. Veronica Sutton Bates ("Dr. Bates").

On 3 August 2018, Mr. Bates conveyed the Property to Dr. Bates by executing a North Carolina General Warranty Deed recorded on 6 August 2018 in the Mecklenburg County Public Registry (the "Deed"). The Deed identifies Mr. Bates as the sole Grantor and Dr. Bates as the sole Grantee, and provides, in pertinent part:

> THIS DEED, made the 3rd day of 2018, by and between Robert E. Bates (Grantors) [sic], and Veronica Sutton Bates (Grantee).
>
> This designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns . . . .
>
> **WITNESSETH**, that the Grantor, for a valuable consideration by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell, and convey unto the Grantee as a tenancy in entirety, the [Property] . . . .
>
> . . . .
>
> **TO HAVE AND TO HOLD** the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantees as tenants by the entirety.
>
> And the Grantor convent [sic] with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey and joins his wife with a tenancy in entirety, title is marketable and fee [sic] and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomever except for the exceptions hereinafter stated. . . .
>
> . . . .

**IN WITNESS WHEREOF**, the Grantor has duly execute [sic] the foregoing as of the day and year first above written.

On 19 August 2021, Dr. Bates died testate, at which point Dr. Bates' Will (the "Will") was offered for probate in Mecklenburg County. Article II of the Will nominated Dr. Bates' sons, Defendant Rogers and Defendant Randy—neither of whom are biological sons of Mr. Bates—as co-executors of her estate. Article III of the Will provides, in pertinent part: "I will all my Real Property (4207 Briarhill Drive Charlotte, NC 28215) . . . to my above stated sons to share and share alike."

On 5 October 2021, Mr. Bates died intestate, at which point Letters of Administration were issued to Tanica in Mecklenburg County, empowering her to administer Mr. Bates' Estate. At his death, Mr. Bates had not remarried and was survived by two lineal descendants: Tanica and Robert, Jr. Neither Tanica nor Robert, Jr. are biological children of Dr. Bates.

On 20 December 2021, Defendants, as Grantors, conveyed the Property to Max Remodeling Services, Inc. ("Max Remodeling"), as Grantee, by executing and delivering a North Carolina General Warranty Deed recorded on 20 December 2021 in the Mecklenburg County Public Registry.

On 18 April 2022, Plaintiff Estate, Tanica—in both her administratrix and individual capacities—and Robert Jr. (collectively, "Plaintiffs") filed a First Amended Verified Complaint (the "Complaint") against Defendants and Max Remodeling,

seeking a declaration as to the title of the Property, and a declaration that the sale be voided as to Max Remodeling. The "First Cause of Action" of the Complaint was for declaratory relief, and item 24 under the First Cause of Action provides:

> Plaintiffs give notice that it [sic] is filing a lis pendens at the same time as this cause of action and is making known that a claim is being made against [Defendants] to declare any title to the Property or any subsequent sale of the Property be subject to a full and complete lien an[d] encumbrance by Plaintiffs and in favor of the Plaintiffs for the full amount and value of the Property.

On 23 May 2022, Defendants, as co-executors of Dr. Bates' estate, filed a motion to dismiss the Complaint, and around that time, Max Remodeling also filed a motion to dismiss. On 15 September 2022, the trial court denied both motions to dismiss.

Thereafter, Defendants filed a summons and third-party complaint against the drafter of the Deed, Patricia King ("Ms. King"). Plaintiffs later settled with Max Remodeling, and on 30 March 2023, a Notice of Voluntary Dismissal was entered as to Max Remodeling. As part of the settlement, Max Remodeling agreed to pay Plaintiffs the "Purchase Price" of the Property, and Plaintiffs conveyed by quitclaim deed to Max Remodeling "any and all interest they have or claim to have in the Property[.]"

On 25 January 2023, "Plaintiff"[2] filed a Motion for Summary Judgment against Defendants, in support of which Plaintiff relied on the Amended Complaint, as well as an affidavit of Ms. King. Plaintiff in the motion contended that the two items, particularly the affidavit of Ms. King, leave no issues of material fact regarding the intentions of Mr. and Dr. Bates in the Deed and demonstrate Mr. and Dr. Bates intended to create a tenancy by the entirety.

On 14 February 2023, Defendants filed their own Motion for Summary Judgment against "Plaintiff." On 14 February 2023, Defendants filed a Motion for Entry of Default as to Ms. King, and on 16 February 2023, that default was entered. On 23 April 2023, Ms. King moved to set aside the default against her.

On 26 April 2023, the competing motions for summary judgment came on for hearing, and on 26 May 2023, the trial court entered an order (the "Order") denying "Plaintiffs'" motion for summary judgment, granting Defendants' motion for

---

[2] The original complaint and its caption identified Plaintiff Estate as the sole plaintiff. The Amended Complaint and its caption, however, list three plaintiffs, being Plaintiff Estate *and* Tanica and Robert, Jr. in their individual capacities. Plaintiff Estate's motion for summary judgment and Defendants' cross motion for summary judgment refer to "Plaintiff" in the singular and use the caption from the original complaint showing only one plaintiff—namely, Plaintiff Estate. Even if the motions were intended to be only with respect to Plaintiff Estate's claims (and not the claims of Tanica and Robert, Jr.), we construe the trial court's order to be dispositive of the claims of all three Plaintiffs. Indeed, at the hearing, Plaintiffs' counsel represented to the trial court that they were appearing on behalf of all three Plaintiffs. During arguments, counsel for Defendants expressly requested that the Amended Complaint be dismissed in its entirety. Further, in the trial court's Order that is the subject of this appeal, the trial court denies "Plaintiffs'" (in the plural) motion and grants Defendants' motion. Most importantly, in that order, the trial court in granting Defendants' motion dismisses the Amended Complaint in its entirety, rather than dismissing only Plaintiff Estate's claims. At no time did Plaintiffs' counsel object or otherwise appeal the order as it relates to the claims of Tanica and Robert, Jr. in their individual capacities.

summary judgment, and thereby dismissing the Amended Complaint in its entirety. On 14 June 2023, the trial court set aside the entry of default against Ms. King, and Defendants' case against her remains pending. On 16 June 2023, Plaintiff Estate filed a notice of appeal from the trial court's Order. Tanica and Robert, Jr. have not noticed an appeal from the order in their individual capacities.

## II. Jurisdiction

Plaintiff Estate asserts that, as Defendants' complaint against Ms. King remains pending, its appeal is interlocutory, and that this Court should consider the merits of its appeal as the trial court's Order affects a substantial right. We need not address the interlocutory nature of this appeal nor the implication of a substantial right, however, as, in our discretion, to the extent we lack appellate jurisdiction we grant *certiorari* "in aid of [our] own jurisdiction" to consider the merits raised in this appeal. N.C. Gen. Stat. § 7A-32(c) (2023).

## III. Standard of Review

This Court reviews an appeal from a trial court's denial or granting of a motion for summary judgment *de novo*. *See In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). "[S]uch judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Integon Nat'l Ins. Co. v. Helping Hands Specialized Transp., Inc.*, 233 N.C. App. 652, 654, 758 S.E.2d 27, 30 (2014) (citation and internal quotation marks omitted). Where an appeal is bereft of disputed issues of material

fact, "[o]ur only inquiry is whether [a party is] entitled to judgment as a matter of law." *McCabe v. Dawkins*, 97 N.C. App. 447, 448, 388 S.E.2d 571, 572 (1990) (citation omitted).

## IV. <u>Analysis</u>

Plaintiff Estate argues on appeal that the Order was in error where, at a minimum, an issue of fact exists as to the effect of the Deed. Plaintiff Estate further contends it may recover the proceeds of the sale of the Property under any one of the following theories of relief: declaratory relief, conversion, or reformation. We address Plaintiff Estate's first argument and, as explained in further detail below, do not reach its argument on theories of relief.

Plaintiff Estate argues that because the Deed contains contradictory provisions as to its nature and is therefore ambiguous, it was the job of the trial court to give effect to the parties' intention, relying on all words in the Deed and, if necessary, extrinsic evidence. Plaintiff Estate specifically contends that Ms. King's affidavit makes clear that Mr. and Dr. Bates intended to create a tenancy by the entirety, and that summary judgment for Defendants and against Plaintiff Estate was therefore improper. After review we conclude that, although Ms. King's affidavit was inadmissible to determine Mr. and Dr. Bates' intent, the provisions of the Deed allow us to ascertain the parties' intent and the effect of the instrument as a matter of law—namely, the creation of a tenancy by the entirety.

Under North Carolina law, "[i]n construing a conveyance executed after [1 January 1968], in which there are inconsistent clauses, the courts shall determine the effect of the instrument on the basis of the intent of the parties as it appears from all of the provisions of the instrument." N.C. Gen. Stat. § 39-1.1(a) (2023); *see also Robertson v. Hunsinger*, 132 N.C. App. 495, 499, 512 S.E.2d 480, 483 (1999) ("The intention of the parties is to be given effect whenever that can be done consistently with rational construction." (citation omitted)). Regarding the trial court's role of interpreting the meaning of deeds under N.C. Gen. Stat. § 39-1.1(a), this Court has provided, "ambiguous deeds traditionally have been construed by the courts according to rules of construction, rather than by having juries determine factual questions of intent. The meaning of the terms of the deed is a question of law, not of fact." *Mason-Reel v. Simpson*, 100 N.C. App. 651, 653–54, 397 S.E.2d 755, 756 (1990) (citations and internal quotation marks omitted) (cleaned up); *see also Robinson v. King*, 68 N.C App. 86, 89, 314 S.E.2d 768, 771 (1984) ("Ambiguous deeds traditionally have been construed by the court according to rules of construction, rather than by having juries determine factual questions of intent."). Although under N.C. Gen. Stat. § 39-1.1(a) "[i]t is the trial judge's role to determine the intent of the parties[,]" *Robertson*, 132 N.C. App. at 499, 512 S.E.2d at 483 (citation omitted), in a case concerning a deed of conveyance where we reviewed *de novo* the trial court's denial of summary judgment, this Court employed the rules of construction to determine the effect of the deed. *See Metcalf v. Black Dog Realty, LLC*, 200 N.C. App. 619, 634–39,

684 S.E.2d 709, 720–23 (2009) (employing the general rules of deed construction to interpret the effect a deed, and upon our legal construction of the deed, finding summary judgment was improper for the plaintiffs and should have been granted in favor of the defendants).

One effect of a deed of a conveyance is the creation of a tenancy by the entirety, where,

> the entire estate is vested in both the husband and wife simultaneously.  Each spouse is deemed to be seized of the whole.  The husband and wife are two natural persons, but they are treated by the law as one person.  Upon the death of either spouse, the survivor automatically takes the entire estate.

*In re Foreclosure of Deed of Trust Rec. in Book 911, at Page 512, Catawba Cnty. Registry*, 50 N.C. App. 69, 72–73, 272 S.E.2d 893, 895 (1980).  N.C. Gen. Stat. § 41-56 provides the contractual language by which a tenancy by the entirety may be created:

> (a) Unless a contrary intention is expressed in the conveyance, a conveyance of real property, or any interest in real property, to spouses vests title in them as tenants by the entirety when the conveyance is to one of the following:
>
> (1) A named man "and wife."
>
> (2) A named woman "and husband."
>
> (3) A named individual "and wife."
>
> (4) A named individual "and husband."
>
> (5) A named individual "and spouse."

(6) Two named individuals, married to each other at the time of the conveyance, whether or not identified in the conveyance as being (i) husband and wife, (ii) spouses, or (iii) married to each other.

(b) A conveyance by a grantor of real property, or any interest in real property, to the grantor and his or her spouse vests the property in them as tenants by the entirety, unless a contrary intention is expressed in the conveyance.

N.C. Gen. Stat. § 41-56(a)–(b) (2023).

Here, as set forth above, the Deed plainly defines Mr. Bates as the sole Grantor and Dr. Bates as the sole Grantee. This would indicate a conveyance of the Property in fee simple absolute. *See* N.C. Gen. Stat. § 39-13.3(a) (2023) ("A conveyance from a husband or wife to the other spouse of real property or any interest therein owned by the grantor alone vests such property or interest in the grantee."). The Deed also provides, however, in pertinent part:

> Grantor, for a valuable consideration by the Grantee, . . . has and by these presents does grant, bargain, sell, and convey unto the Grantee as a tenancy in the entirety, [the Property,] . . . . [t]o have and to hold the aforesaid lot or parcel of land and appurtenances thereunto belonging to the Grantees as tenants by the entirety[.]

Further, the Deed states that "the Grantor covenant[s] with the Grantee, that Grantor is seized of the premises in fee simple, [and] has the right to convey and joins with his wife with a tenancy in entirety[.]" This language would suggest the creation of a tenancy by the entirety, and the Deed therefore contains inconsistent language

as to its effect. *See In re Foreclosure of Deed of Trust*, 50 N.C. App. at 72–73, 272 S.E.2d at 895; *see also* N.C. Gen. Stat. § 41-56(a)–(b).

On appeal, Plaintiff Estate concedes that the Deed contains inconsistent clauses, but argues that this Court should consider extrinsic evidence to resolve the effect of the Deed—specifically, the affidavit of Ms. King where she provided that Mr. and Dr. Bates intended the Deed create a tenancy by the entirety, and that she included the relevant language at Mr. and Dr. Bates' wishes. Ms. King's affidavit, however, is not admissible to aid in our interpretation of the Deed's legal effect, as our Supreme Court has provided that the drafting attorney's testimony regarding the intent of the testator is not admissible to "alter or affect the construction" of a will or deed. *Britt v. Upchurch*, 327 N.C. 454, 458, 396 S.E.2d 318, 320 (1990) (citation and internal quotation marks omitted). Even though this extrinsic evidence is inadmissible to determine the effect of the Deed, as the Deed contains inconsistent clauses, this Court may employ the rules of construction to determine the effect of this instrument. *See Metcalf*, 200 N.C. App. at 634–39, 684 S.E.2d at 720–23.

Here, the Deed was executed and recorded by 6 August 2018—well after the statutory date of 1 January 1968—and we therefore determine the effect of the Deed "on the basis of the intent of the parties as it appears from all of the provisions of the instrument." N.C. Gen. Stat. § 39-1.1(a). As aforesaid, the Deed identifies Mr. Bates as the sole Grantor and Dr. Bates as the sole Grantee, which is inconsistent with a deed that creates a tenancy by the entirety. *See* N.C. Gen. Stat. § 39-13.3(a). In our

review of all the provisions of the Deed, however, employing rules of deed construction under N.C. Gen. Stat. § 39-1.1(a), it appears that Mr. and Dr. Bates, in their execution of the Deed, intended to create a tenancy by the entirety. The Deed sets forth three times—in a space encompassing barely more than one page of text—that the Property is to be conveyed to Dr. Bates as a "tenancy in entirety[.]" The Deed further sets forth Mr. and Dr. Bates' marital status in accordance with N.C. Gen. Stat. § 41-56(a)–(b), by providing that Mr. Bates "has the right to convey *and joins his wife* with a tenancy in entirety[.]" (Emphasis added). These provisions of the Deed evince Mr. and Dr. Bates' intent to create a tenancy by the entirety, and we conclude as a matter of law that the Deed created a tenancy by the entirety. *See* N.C. Gen. Stat. § 39-1.1(a); *see Mason-Reel*, 100 N.C. App. at 653–54, 397 S.E.2d at 756; *see Metcalf*, 200 N.C. App. at 634–39, 684 S.E.2d at 720–23; *see Robertson*, 132 N.C. App. at 499, 512 S.E.2d at 483.

The trial court granted summary judgment for Defendants, presumably based on the conclusion that the Deed conveyed all of Mr. Bates' interest in the Property to Dr. Bates, and that upon her death Defendants became the owners of the Property. As the Deed created a tenancy by the entirety, however, when Dr. Bates died, Mr. Bates automatically took the entire Property. *See In re Foreclosure of Deed of Trust*, 50 N.C. App. at 72–73, 272 S.E.2d at 895. Following Dr. Bates' death, Mr. Bates died intestate, meaning Mr. Bates' biological children—Tanica and Robert, Jr.— automatically took the Property by operation of law. *See* N.C. Gen. Stat. §§ 28A-15-

2(b), 29-16 (2023). As such, presuming the trial court's Order was dictated by a conclusion that Defendants were owners of the Property by operation of the Deed, such conclusion was in error. *See Integon Nat'l Ins. Co.*, 233 N.C. App. at 654, 758 S.E.2d at 30.

Notwithstanding any error on part of the trial court, we conclude the trial court did not err by granting summary judgment against Plaintiff Estate as to *its* claims against Defendants. As set forth above, upon Mr. Bates' death, title to the Property vested in Tanica and Robert, Jr. in their *individual* capacities as Mr. Bates' heirs. *See In re Estate of Harper*, 269 N.C. App. 213, 218, 837 S.E.2d 602, 605 (2020) ("It is well settled that "[t]he title to [non-survivorship] real property of a decedent is vested in the decedent's *heirs* as of the time of the decedent's death[.]" (quoting N.C. Gen. Stat. § 28A-15-2(b))). Neither Tanica, in her individual capacity, nor Robert, Jr. is a party to this appeal, however, as only Plaintiff Estate appealed from the trial court's Order. Title to the Property never vested in Plaintiff Estate, and as such, Plaintiff Estate has no inherent claim of interest in the Property. *See id.* at 218, 837 S.E.2d at 605. We therefore affirm the trial court's Order denying Plaintiff Estate's motion for summary judgment and granting Defendants' motion for summary judgment.

## V. <u>Conclusion</u>

This appeal contains no genuine issue of material fact, and we conclude that, while the Deed created a tenancy by the entirety, and Tanica and Robert, Jr. took the Property as intestate heirs of Mr. Bates, Plaintiff Estate has no interest in the

Property. As such, we affirm the trial court's Order denying Plaintiff Estate's motion for summary judgment and granting Defendants' motion for summary judgment as to the claims for relief sought by Plaintiff Estate. We need not express any opinion as to the portion of the summary judgment relating to the claims of Tanica and Robert, Jr. in their individual capacities, as neither appealed.


AFFIRMED.

Chief Judge DILLON and Judge ZACHARY concur.